THE PEOPLE OF THE STATE OF NEW YORK *against* MARY WISSIG, Principal, AND JOHN NIMPHIUS, Surety.

The judgment entered on a forfeited recognizance will be vacated where, after the forfeiture of the recognizance, the surety has been prevented from retaking and surrendering his principal by the death of the principal; upon the usual terms of payment of any costs that may have been incurred by the People in entering the judgment.

APPLICATION at general term to vacate a judgment entered on a forfeited recognizance. The facts are fully stated in the opinion.

*James C. Anderson*, for the surety Nimphius.

*Benjamin K. Phelps*, District Attorney, for the People.

BY THE COURT, CHARLES P. DALY, Chief Justice.—If after the forfeiture of the recognizance, the bail should take the prisoner and surrender him into the custody of the law,

the surety upon the conviction or acquittal of the prisoner, would be discharged from the forfeiture, after the payment of whatever costs or expenses may have been incurred by the entering up of the judgment.

In this case it is not in the power of the surety now to take and surrender the prisoner. After the forfeiture he surrendered her, he says, into the hands of the District Attorney through her counsel, Howe & Hummell, and, upon being informed that upon the payment of twenty dollars the judgment would be cancelled she, he says, gave Howe & Hummell the twenty dollars. However this may be, it appears that she was afterwards arrested for a larceny in New Jersey, pleaded guilty, but sentence was suspended on payment of costs, and she was discharged from custody ; that afterwards, on the 1st of October, 1874, at Brown's crossing, in Steuben County in this State, she leaped from a railroad car whilst it was in rapid motion and was killed. Under these circumstances we think the judgment against the surety should be discharged. It is no longer in the power of the law to punish her, assuming her to have been guilty of the offence charged, and we do not see that the ends of justice would in any way be served by requiring the surety to pay twenty-five hundred dollars, the pecuniary amount of the penalty for which he became bound. We think the judgment should be discharged upon the payment of any costs that may have been incurred, by entering it up.