## CORA E. BRETT *vs.* EDGAR C. MURPHY and others.

## Cumberland.   Opinion June 1, 1888.

*Bastardy process.    Practice.    R. S., c. 97, § 7.    Judgment.    Bond.    Damages.*
*Insolvency of principal.*

In a bastardy proceeding, the judgment or order of filiation under R. S., c. 97, § 7, is the final judgment.

Unless the sureties on the bond surrender the principal in court before such judgment of filiation is entered, they are not discharged by the surrender.

The judgment for plaintiff in a suit upon the bond, under the bastardy act, should be for the penal sum. The bond may be chancered, however, by the court; and execution should issue only for the damages, which are to be assessed once for all, and they will not be reduced by the insolvency of the principal.

ON exceptions from superior court.

The opinion states the case.

*George D. Parks*, for the plaintiff, cited: *Doyen* v. *Leavitt*, 76 Maine, 247; *Herring* v. *Polley*, 8 Mass. 113; *Chase* v. *Gilman*, 15 Maine, 64; *Eldridge* v. *Preble*, 34 Maine, 148.

*Weston Thompson*, for defendants.

The record shows that a verdict of guilty was returned in the bastardy suit on the ninth day of the term; and proceeds to show what was further done on the same day, in the following words:

"And now, after verdict of guilty, the said respondent, Edgar C. Murphy, is adjudged to be the father of the complainant's child and stands charged with its maintenance with the assistance of the mother, and it is ordered that the respondent pay to the complainant the sum of one hundred and twenty-five dollars, and the further sum of two dollars per week for the maintenance of the child, till further order of court, and give a bond to the complainant in the sum of one thousand dollars with sufficient surety, approved by the court, to perform said order. Also give a bond to the town of Brunswick, in the sum of one thousand dollars, with sufficient sureties approved by the court, for the maintenance of the child, and be committed until he gives said bonds. The latter bond to be deposited with the clerk of court for the use of said town. Thereupon respondent was surrendered in court by his sureties. Committed. Warrant of commitment issued February 15, A. D. 1884."

The court knows that the ninth day of that February term was the fifteenth day of that month. (1 Greenl. Ev. § 5.)

Plaintiff claims that it was "final judgment," within the meaning of R. S. c. 97, § 4, and defendants claim that it was what it assumes to be — an "order," showing what final judgment should be, when rendered.

We do not understand that the judgment and order for judgment are the same. *Whitwell* v. *Hoover et al.* 3 Mich. 84, (59 Am. Dec. 220); *Hickey* v. *Kinsdale*, 8 Mich. 267.

The judge who made this order is one of the last to whom unfairness should be imputed. (10 Gray, 375).

The right to file motion and exceptions is a legal right, and a *nisi prius* judge has no power to force a judgment to deprive a suitor of that right, or to oust this court of its statutory jurisdiction of motions for new trial and exceptions. A direction of the court which contains no date, will not have a date assigned to it by construction which would make it illegal or unjust, when

another construction is available. *Crooker* v. *Buck*, 41 Maine, 355; R. S., c. 77, §§ 42, 51, 75, 78; 43 Maine, 176; 70 Maine, 290; 10 Gray, 375. Rules XX and XXI of superior court, Cumberland county. A judgment dates of the last day of the term, when it does not otherwise appear. 8 Mass. 113; 15 Maine, 64.

We shall claim if the exceptions are not sustained, to show in reduction of damages, that Edgar C. Murphy has had no property from the date of Miss Brett's complaint to the day of making up of damages. The right of sureties to relieve themselves by surrendering their principal before final judgment, is a condition in the bond; and on performance of it, the bond is void. This plaintiff is as well off to-day as she would have been if that condition had been performed, before verdict. She lost nothing by its omission. It is as much a condition of the bond, as if it was set out at length in the document, instead of being made part of it by law. The law of a place where a contract is made, forms part of it. 53 Maine, 471; 19 Ill. 107; 1 Otto, 406; *Pritchard* v. *Norton*, 16 Otto, 124.

There are two classes of bonds; those which by their terms are to become void on performance of duty, and those which are "for the performance of covenants or agreements." On bonds of the latter class, the damages are ascertained by the jury, by virtue of R. S., c. 82, § 32; and on bonds of the other sort they are ascertained by the court in the exercise of its equity jurisdiction. *Machiasport* v. *Small et als.* 77 Maine, 109; *Philbrook* v. *Burgess*, 52 Maine, 271; *Hathaway* v. *Crosby*, 17 Maine, 448; *Jordan* v. *Lovejoy*, 20 Pick. 86.

When a poor debtor's bond is not comformable to the statute, the section last cited does not apply. Then the case follows under the same rule of procedure which is applicable here. Then it is open to the defendants to show that the debtor had no estate, so that his failure to go into imprisonment was of no damage to the plaintiff. He might have gone into jail and exonerated his sureties, but his failure to do so cost the plaintiff nothing. The only difference between that case and this, is that the condition for imprisonment is set out in terms in the debtor's bond and is

made part of the bond before the court by law. The condition is in substance the same, but is expressed on different pieces of paper; in one case on the leaf of the statute book, and in the other in the document signed. The meaning, the legal requirement and the equitable result are the same in both cases. Equity does not favor a forfeiture and will not make a distinction between pieces of paper for the sake of giving effect to one. Nothing requires such distinction. *Ware* v. *Jackson,* 24 Maine, 166; *Howard* v. *Brown,* 21 Maine, 385; *Hathaway* v. *Crosby,* 17 Maine, 448; *Hill* v. *Knowlton,* 19 Maine, 449; *Call* v. *Foster,* 49 Maine, 452.

EMERY, J. This was an action of debt upon a bond given in bastardy proceedings under section 3, c. 97, R. S. The main question was whether the sureties had become discharged from the bond by a seasonable surrender of the principal in courts as provided in section 4.

In the original bastardy proceedings, the respondent had been found guilty by the jury. It does not appear that any motion or exceptions were interposed, or suggested, or that any delay was asked. The court, presumably without objection, on the same day made the adjudication and order contemplated in section 7.

This was the final judgment in that suit. *Corson* v. *Dunlap,* 80 Maine, 354. The case does not show that the principal was surrendered in court before that judgment was pronounced. He was surrendered on the same day, but presumably after the adjudication and order. This was too late. The sureties in such a bond, have a statute privilege of avoiding their bond by a surrender before judgment. To obtain this exemption, they must show affirmatively, a full compliance with the statute. They are not authorized to delay action until they learn what the judgment is, and then elect whether to satisfy it or surrender their principal. The statute says, they must elect before judgment. If they wait till judgment is pronounced, they must see that it is satisfied, such being the obligation they voluntarily entered into. See cases cited in *Corson* v. *Dunlap, supra.*

The order of judgment for the penalty of the bond was correct.

As the defendants however may wish to have the bond chancered, this may be done by the court rendering the judgment. This bond is not for the performance of any covenant, or agreement, and hence is not affected by sections 20, and 32, c. 82, R. S. It is a bond of defeasance. There is no covenant or agreement outside of, or apart from the bond itself. In such case, the breach is once for all, and the damages are sustained once for all. There having been a breach, all the damages, past, present and future are now due, and should be assessed at one time. *Philbrook* v. *Burgess*, 52 Maine, 271.

Evidence of the insolvency of the respondent cannot reduce these damages. The sureties covenanted under seal and for valid consideration, that the respondent in that suit should abide the order of court. He has not done so. The covenant of the sureties was not conditioned upon the respondent's ability, but was absolute, unless they should relieve themselves by a surrender of the respondent before final judgment, which they have not done. *Taylor* v. *Hughes*, 3 Maine, 433 ; *Corson* v. *Tuttle*, 19 Maine, 409 ; *Doyen* v. *Leavitt*, 76 Maine, 247.

> *Exceptions overruled. Execution to stay till next term of superior court, to enable defendants to have damages assessed.*

WALTON, DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.