[No. 15245.   Department One.—February 24, 1894.]

THE PEOPLE EX REL. ALBERT G. BURNETT, RESPONDENT, *v.* J. MORSTADT, JUSTICE OF THE PEACE, APPELLANT.

CRIMINAL LAW—FELONY—BAIL BOND—FORFEITURE—CONTINUANCE OF EXAMINATION.—The condition of a bail bond given upon an arrest for felony to appear for examination before a justice's court is substantially that the defendant will hold himself amenable to the orders of the court, and when the court considers a demurrer to the complaint at the hour set for the examination the further hearing of the demurrer is in effect a continuance of the examination until the argument of the demurrer is concluded; and the bail bond cannot be forfeited for failure of the defendant to present himself until the demurrer is disposed of, or a further order of the court made.

APPEAL from an order of the Superior Court of Sonoma County directing the issuance of a writ of *mandate* to a justice of the peace.

The facts are stated in the opinion of the court.

*J. P. Rodgers,* and *Rutledge & Pressley,* for Appellant.

*A. G. Burnett, Emmet Seawell,* and *J. R. Leppo,* for Respondent.

GAROUTTE, J.—This is an appeal from an order of the superior court directing the issuance of a writ of *mandate* to the appellant, a justice of the peace of Sonoma county, requiring him to enter in his docket the failure of one Berta to appear for examination on November 10, 1891, at 11 A. M., and also commanding said justice to declare a certain undertaking of bail, given by defendant prior to that time, forfeited.

Berta was charged with the offense of embezzlement, and upon his arrest gave a bond in the sum of one thousand dollars, with two sureties, conditional that he would appear and answer the charge when ordered by the court. By consent of the attorneys the examination was set for November the 10th, at 11 A. M. In the mean time a demurrer was filed to the complaint upon the ground

that it stated no cause of action, and the argument of this demurrer was taken up on the 10th of November, at 10 A. M. This argument continued until 11:25 A. M., when the following occurred, as appears by the evidence of the justice of the peace: "Now, when it was 11:25 A. M., Mr. Leppo (deputy district attorney), in the midst of his argument of the demurrer, pulled out his watch and says: 'I ask now the court to send the constable in front of the courthouse and call H. Berta three times, and if he shall not answer to declare his bond forfeited.' I told him I could not do any thing of the kind, because if I sustained the demurrer we don't want him. The very question of the demurrer is whether it shall be we want Berta or not." It thus appears that the justice declined to grant the request of the district attorney, and the subsequent history of the litigation, as evidenced by the record, discloses that his argument bearing upon the legal question raised by the demurrer was not convincing, for the demurrer was sustained, and no amended complaint being filed, Berta was not "wanted," and the proceeding terminated.

We think the judgment should be reversed and the proceeding dismissed. As to whether the filing of a demurrer to a complaint charging a defendant with felony is an authorized practice we are not called upon at the present time to decide; neither are we justified in reviewing the legal soundness of the court's views as indicated by its order in sustaining the demurrer to the complaint. The condition of the defendant's bail bond was substantially that he would hold himself amenable to the orders of the court, and when the court took up the consideration of the demurrer to the complaint at 10 A. M. and the argument thereon was still in progress at and after 11 A. M., the hour set for the examination, we think the further hearing of that matter by the magistrate was, in effect, a continuance of the examination until the argument of the demurrer was concluded. There is no doubt but that the magistrate had the power to continue the examination even in the absence

of the defendant. Notwithstanding the examination was set for the 10th of November, if the magistrate had sustained a demurrer to the complaint on the 9th, and thereupon dismissed the proceedings, it is unquestioned that the defendant would not have been in default if he had failed to present himself before the court upon the 10th. If at ten o'clock upon the 10th, when the demurrer was taken up for consideration, the court had in terms continued the examination until the disposition of the demurrer, the presence of the defendant would not have been required, nor could he have been declared in default until the demurrer was disposed of or a further order of the court made. We think the conduct of the case as to the hearing of the demurrer was in effect a continuance of the examination until that hearing was concluded.

For these reasons it is ordered that the judgment be reversed, and the cause remanded, with direction to dismiss the proceeding.

Paterson, J., and Harrison, J., concurred.

Hearing in Bank denied.