## Commonwealth v. Delk.

(Decided September 28, 1916.)

### Appeal from Pulaski Circuit Court.

Bail—Forfeiture of Bond.—Where the defendant, who is on bail,
fails to answer and the attorney for the Commonwealth thereupon·
moves the court to forfeit the bond and issue summons against
the sureties, it is the duty of the court under sections 93 and 94.
of the criminal code to grant the request.

W. N. FLIPPIN, Commonwealth's Attorney 28th Judicial District,
and M. M. LOGAN, Attorney General, for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This appeal is prosecuted from the following order
of the Pulaski circuit court:

"This day this cause came on for trial and the de-
fendant being under bond in the sum of $100.00 for his
appearance with W. H. Warren and W. C. Pike as his
sureties, and having been called and failing to answer,
the attorney for the Commonwealth moved the court
that the bond of the defendant be forfeited and that
summons issue against said sureties returnable to the
next term of this court to show why judgment could not
be rendered against them upon said forfeiture, and the
court being advised, overruled said motion, to which
ruling of the court the Commonwealth excepts and
prays an appeal to the Court of Appeals, which is
granted."

The criminal code, in section 93, provides that "If
the defendant fail to appear for trial or judgment, or
at any other time when his presence in court may be
lawfully required, or to surrender himself in execution
of the judgment, the court must direct the fact to be

entered on the record, and thereupon the bail bond, or the money deposited in lieu of bail, is forfeited.''

Under this section of the code when the defendant, who is under bond for his appearance, fails to appear when the cause comes on for trial, it is the duty of the court, on motion of the attorney for the Commonwealth, to have entered on the record the fact of the failure to appear and to have entered an order forfeiting the bail bond, and thereupon summons should issue against the bail as provided in section 94 of the criminal code. Why the court refused, under the circumstances shown in the order, to forfeit the bond and direct the issual of summons against the sureties, does not appear, but on the showing made by the record before us the action of the circuit court in overruling the motions made by the attorney for the Commonwealth was error.

Wherefore, the judgment appealed from is reversed, with directions to the lower court to proceed in conformity with the provisions of the code indicated.