## No. 10,524.

## SOUTHARD, ET AL. v. THE PEOPLE.

Decided October 1, 1923.

Proceeding to forfeit a recognizance in a criminal case. Judgment for the people.

### Affirmed.

1. BAIL—*Forfeiture.* In an action to forfeit a recognizance given for the appearance of a defendant in a criminal case, an oral stipulation for a continuance, held no defense to the action, where the case was thereafter repeatedly called and continued for want of appearance of the defendant.

2. CRIMINAL LAW—*Bail—Failure of Defendant to Appear.* Although a defendant in a criminal case received information from his attorney's office that he would not be required to be present at the time set for calling his case, this did not afford a *legal* excuse for his failure to appear.

3. APPEAL AND ERROR—*Law of the Case.* A former decision of the appellate court in a particular matter, is the law of the case on a subsequent hearing.

4. BAIL—*Forfeiture.* In an action to forfeit a recognizance in a criminal case, the answer, plea, petition, or motion for equitable relief from a forfeiture should be accompanied by a surrender of the defendant.

5. *Forfeiture—Equitable Relief—Discretion.* The matter of equitable relief from forfeiture of a recognizance, is in the discretion of the court where the recognizance was entered. It can not be reviewed except for abuse of discretion.

6. PRACTICE AND PROCEDURE—*Stipulations.* Stipulations concerning court proceedings should be in writing.

7. APPEAL AND ERROR—*Harmless Error.* In an action for the forfeiture of a recognizance in a criminal case, the admission in evidence of the recognizance over defendant's objection on the ground of a variance, held not prejudicial, where the execution of the recognizance as alleged in the *scire facias* was expressly admitted by answer.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. JOHN T. BOTTOM, Mr. W. E. CLARK, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A JUDGMENT was obtained against Southard and the American Surety Company, his surety, on a recognizance, in the usual form, to appear and answer an indictment. They bring error.

The defense, in the answer to the *scire facias*, was that the district attorney had agreed to a continuance; that Southard relied upon that agreement and so did not appear, whereupon the bond was forfeited. Upon demurrer to the answer to the *scire facias* this defense was held good by this court in this same case (*Southard v. People*, 69 Colo. 516, 195 Pac. 102), and a new trial was granted. The people then filed a general denial to the answer, and, upon trial, the court found that all the proceedings had been regular and according to law and entered judgment accordingly.

It is now claimed that the facts so alleged as a defense were proved without dispute. That, however, is not unqualifiedly true. It is true that the evidence shows that the district attorney agreed to a continuance, but the evidence was of an oral agreement by telephone between the deputy district attorney and the stenographer of defendant's attorney. Just what was said was in dispute, at best there was a misunderstanding, and, under the evidence and the finding of the court, we must say that the deputy refused to waive or at least did not waive the appearance of the defendant. When the case was called, therefore, and Southard did not appear, his bond was forfeited and the case continued; it was continued repeatedly afterwards

but he has never appeared. These facts do not support the claims of plaintiff in error.

But further: The answer did not state nor does the evidence show a *legal* defense. 34 Cyc. 565. There was nothing *legally* to excuse the failure of the defendant to appear, even though he got information from his attorney's office such that he might, in good faith, have believed that he was not required to be present. Our former opinion proceeded upon equitable grounds; that is upon the presumption of the good faith of the accused in his alleged intention to appear, and that therefore the court would be justified to relieve the recognizors from their liability. See 34 Cyc. p. 556. Southard's good faith, however, and therefore that of his surety, which rests on his, is shattered by his continued failure to present himself. If they had been faithful on that point they might perhaps have had the bond chancered. (*Brett v. Murphy,* 80 Me. 358, 14 Atl. 934; *James v. Smith,* 1 Tyler [Vt.] 128, 136), but, since the accused has never appeared, neither of them is in a position to appeal to the equitable favor of the court.

The former decision of this court in this matter is the law of the case, but we think that an answer, plea, petition, or motion for equitable relief from a forfeiture of recognizance should be accompanied by the surrender of the prisoner. It is not inequitable to refuse such relief if the accused shall never appear even though he has a good excuse for one failure. As we said, to secure appearance is the purpose of the recognizance, and to relieve from forfeiture without presentation of the prisoner would defeat that purpose. To show equity, the application for relief should be prompt, while the evidence is fresh, and the accused should be produced with it, whether it be by answer, plea, petition, or motion. This seems to have been done in all the cases we have read.

Again, the matter of equitable relief from forfeiture of a recognizance is in the discretion of the court where the recognizance was entered. It cannot be reviewed upon appeal or error except for abuse of discretion. Such court has power to "chancer," as it is called in some jurisdic-

tions, "estreat," as it is called in others or "relieve from forfeiture" in others.   Many states have passed statutes to that effect, as Vermont (*James v. Smith, supra*), and Illinois (*Gallagher v. People,* 91 Ill. 590; *Wray v. People,* 70 Ill. 664), but it is also the common law (*Commonwealth v. Craig,* 6 Rand. [Va.] 731).   Some by statute have given the court discretion, as Illinois, but that was also the common law.   *Commonwealth v. Craig, supra.*   We see no abuse of discretion.

Stipulations of this sort should always be in writing. The court would have been justified in refusing to hear the evidence of the oral agreements of the attorneys (*Mogote etc. Co. v. Gallegos,* 69 Colo. 221, 193 Pac. 670), but it is intolerable that a matter of such importance should be left to rest upon a telephone conversation between a deputy and a stenographer.

Error is claimed in the admission of the recognizance in evidence because of variance, but the error, if any, is not prejudicial because the execution of the recognizance as alleged in the *scire facias* was expressly admitted by the answer.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.