## Commonwealth et al. v. Grady et al.

(Decided November 18, 1930.)

E. J. FELTS, E. S. PENICK, S. Y. TRIMBLE and J. W. CAMMACK, Attorney General, for appellants.

PETRIE & STANDARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

R. B. Grady was indicted for murder. At his trial at the December, 1929, term of the Todd circuit court

the jury disagreed and was discharged. Grady then applied for bail and his application was granted. Thereupon he and others executed bond in the sum of $10,000 by which they undertook that Grady would appear in the Todd circuit court on March 7, 1930, to answer the charge, and would at all times render himself amenable to the orders and processes of the court and if convicted would render himself in execution thereof. On the calling of the case at the March, 1930, term Grady through his attorney moved for a continuance, and filed in support of his motion an affidavit of a physician that he was then confined in the Glenwood sanitarium at Kirkwood, Mo., for treatment and observation as to his mental and physical condition, that he was physically unable to attend the trial, and that it was not safe for him to leave the sanitarium. The motion was sustained and the case was continued until the next term of the court beginning in July, 1930. On the calling of the case in July, Grady was again absent, and his attorney applied for another continuance. In support of this motion he filed the affidavits of Grady and two physicians that he was then confined to his bed in St. Mary's Hospital, East St. Louis, Ill., was physically and mentally unable to attend and appear at the trial, and that his physical condition was such that to compel him to take the trip and go into trial would seriously injure his health and in all probability result in his death. Thereupon the court granted a continuance until the next December term of the court. On the following day the court entered the following order:

"This day this cause came on regularly for trial, and the defendant, R. B. Grady, being under bond in the sum of Ten Thousand Dollars, ($10,000.00), for his appearance, with J. A. Webb, Norton Garth, Mose Levy, Joe McClanahan, Vernon Camp, J. W. Robertson, Watkins Northington and W. H. Grady as his sureties, and having been called and failing to answer, the attorney for the Commonwealth moved the court that the bond of the said defendant be forfeited, and that summons issue against said sureties, returnable to the next term of this court, to show why judgment should not be rendered against them upon said forfeiture, and the court being advised, overruled said motion, to which ruling of the court the Commonwealth excepts, and prays an appeal to the Court of Appeals of Kentucky which is granted."

From this order the commonwealth has perfected an appeal.

The applicable sections of the Criminal Code of Practice are as follows:

"Sec. 93. If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered on the record, and thereupon the bail bond, or the money deposited in lieu of bail, is forfeited."

"Sec. 94. 1. Upon the forfeiture of a bail bond the court shall order a summons to be issued against the bail, requiring them to show cause, upon the first day of the next term of the court, why judgment should not be rendered against them, on the forfeiture, for the sum fixed in the bail bond.

"2. If the court fail to make such order, the attorney for the Commonwealth may, at any time after the close of the term, cause such summons to be issued by the clerk of the court.

"3. No pleadings shall be required on the part of the Commonwealth, but the summons shall be served, and all subsequent proceedings shall be the same as in an ordinary civil action."

"Sec. 96. If, before the final adjournment of the court the defendant appear and satisfactorily excuse the failure, the court may discharge the forfeiture."

"Sec. 98. If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may at its discretion, remit the whole or part of the sum specified in the bail bond."

It will be observed that section 93, Criminal Code of Practice, supra, solemnly declares that, if the defendant fail to appear for the purposes therein indicated, the court must direct the fact to be entered on the record, and that thereupon the bail bond, or the money deposited in lieu of bail, is forfeited. It then becomes the duty of the court to order a summons to be issued against the bail requiring them to show cause upon the first day of the next term of the court why judgment should not be rendered against them on the forfeiture for the sum fixed in the bail bond. Section 94, Criminal Code of Practice,

supra. If, however, the court fail to make such order, the attorney for the commonwealth may at any time after the close of the term cause such summons to be issued by the court. Thereupon the summons shall be served, and though no pleadings are required on the part of the commonwealth, all subsequent proceedings shall be the same as in an ordinary civil action. Section 94, Criminal Code of Practice, supra. If before the final adjournment of the court the defendant appear and satisfactorily excuse the failure, the court may discharge the forfeiture, section 96, Criminal Code of Practice, supra, or if before judgment is entered against the bail the defendant be surrendered or arrested, the court may, in its discretion, remit the whole or part of the sum specified in the bail bond. Section 98, Criminal Code of Practice, supra. In view of the plain and unequivocal language employed in section 93, supra, and of the subsequent sections providing for a notice to the bail and an opportunity to be heard on the question why judgment should not be rendered against them, we conclude that it was never the purpose of the legislature to provide for a hearing in the first instance on whether a bail bond should be forfeited for the nonappearance of the defendant, much less a hearing based on ex parte affidavits filed in support of a motion for a continuance. On the contrary, it was the plain intent of the legislature to require the court to have noted of record the nonappearance of the defendant, and to provide that forfeiture of the bail bond or the money deposited in lieu thereof should follow as a matter of course. The only hearing contemplated by the act is that provided for after the service of summons to show cause why judgment should not be pronounced against the bail. At this hearing the bail may file their response and give their reasons for the nonappearance of the defendant, and the commonwealth will be given an equal opportunity to disprove the grounds relied on, and to show their legal insufficiency. After the hearing the court may in its discretion remit the whole or part of the sum specified in the bond. Though the court may not set aside the forfeiture unless the defendant be surrendered or arrested before judgment is entered. Bonner v. Commonwealth, 85 S. W. 1185, 27 Ky. Law Rep. 647; Commonwealth v. Rowland, 4 Metc. 225; Yarbrough v. Commonwealth, 89 Ky. 151, 12 S. W. 143, 11 Ky. Law Rep. 351, 25 Am. St. Rep. 524; we take it that, if the

physical condition of the defendant is such that his surrender or arrest would endanger his life, the court may continue the hearing and give the bail further opportunity to produce the defendant.

Our conclusion that it is the duty of the court upon the nonappearance of the defendant to have that fact entered of record, and to order a forfeiture of the bail bond, finds support in the case of Commonwealth v. Delk, 171 Ky. 263, 188 S. W. 376. There the order reciting the nonappearance of the defendant and overruling the commonwealth's motion to forfeit the bail bond was substantially the same as the order entered in this case. It is true that we said that on the showing made by the record before us the action of the circuit court in overruling the motion made by the attorney for the commonwealth was error, but this language was used out of abundant caution and cannot be construed as implying that the circuit court may refuse to follow the plain provisions of the Code.

Judgment reversed and cause remanded with directions to enter an order forfeiting the bail bond.