THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR CUTLER, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law and the facts, information dismissed and defendant discharged. The statute under which defendant was convicted (Penal Law, § 1302-a) requires the owner of real property upon conveyance of the fee, or the lessee upon assignment of the lease, to transfer the security of a tenant to the new owner or lessee, or to return it to the tenant, or to notify the tenant of the conveyance or assignment. Failure to comply creates the presumption of the commission of a misdemeanor. Concededly, the defendant, upon conveyance of the property, transferred the security to the new owner. The statute required the defendant, in the circumstances, " *either* to turn over to his grantee or assignee  *  *  *  the sum so deposited, *or* to notify such tenant by registered mail of the name and address of such grantee or assignee and whether the same has been turned over to such grantee or assignee  *  *  *." The defendant, having delivered to his grantee the sum so deposited, did not violate the provisions of the statute by failing to notify the tenant. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEXINGTON SURETY AND INDEMNITY COMPANY, Surety, Respondent, and FRANK SMITH, Defendant.— Order vacating judgment reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied. The surety fails to disclose any facts indicating that it had the slightest inclination to have defendant returned to the custody of this State from the time of the forfeiture of the bond on October 15, 1931, until March 2, 1932, when defendant was found in the custody of the New Jersey authorities on a charge of vagrancy. In the meantime the surety seemed to show no interest whatsoever in the fugitive, and was only awakened to the opportunity of relieving itself from the forfeiture by information that defendant was incarcerated in New Jersey, from where he was removed by extradition proceedings to Washington, D. C. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER VAN PELT, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Richmond, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARGARET ZSUFFA, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Richmond, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.