THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
  v. MAX PARKIN, Defendant, and CONCORD CASUALTY
  AND SURETY COMPANY, Appellant.   (Two cases.)
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
  v. MARCEL POFFE, Defendant, and CONCORD CASUALTY
  AND SURETY COMPANY, Appellant.

429

(Argued January 22, 1934; decided February 27, 1934.)

*J. Sidney Bernstein, Arthur A. Birnkrant* and *Fred Flatow* for appellant. An application for a remission is addressed to the sound judicial discretion of the court. (Code Crim. Proc. § 597; *People* v. *Cohen,* 245 N. Y. 419; *People* v. *Phelan,* 219 App. Div. 80.) This discretion was properly exercised by the Special Term in favor of the remission of the forfeitures. (*People* v. *Pugliese,* 80 Misc. Rep. 75; 164 App. Div. 900; *People* v. *Perlstein,* 7 N. Y. Supp. 662.) The surety company was prevented from surrendering the defendants only by reason of their death. (*People* v. *Wissig,* 7 Daly, 23; *People* v. *Perlstein,* 7 N. Y. Supp. 662; *People* v. *Rich,* 36 App. Div. 60; *Walsh* v. *Schultz,* 13 Daly, 132; *Buckley* v. *Colton,* 1 Johns. 515; *Lafflin* v. *Fowler,* 18 Johns. 335; *Woolfolk* v. *State,* 10 Ind. 532; *Mather* v. *People,* 12 Ill. 9; *State* v. *Mc Neil,* 18 N. J. L. 33; *State* v. *Traphagen,* 45 N. J. L. 134; *Bank of Mt. Pleasant* v. *Pollak,* 1 Ohio, 36; *State* v. *Cone,* 32 Ga. 663.) The People have not been deprived of any rights or prejudiced by the non-appearance of the defendants. (*People* v. *Flegenheimer,* 15 N. Y. St. Repr. 376.) The application to the court below having included a showing of no loss of rights to the People, the District Attorney's

certificate that the People have lost no rights is not a condition precedent to the remission of the forfeiture. (*Matter of Sayles,* 84 App. Div. 210; *People* v. *Levy,* 169 App. Div. 571; *People* v. *Abrams,* 172 App. Div. 577; *People* v. *Cohen,* 229 App. Div. 515; 255 N. Y. 530; *People* v. *Handel,* 238 App. Div. 596.) The order appealed from is reviewable by the Court of Appeals. (*Gang* v. *Gang,* 253 N. Y. 356; Civ. Prac. Act, § 602; *Wetmore* v. *Wetmore,* 162 N. Y. 503; *People ex rel. Feeny* v. *Board of Canvassers,* 156 N. Y. 36; *Moore* v. *Vulcanite Portland Cement Co.,* 220 N. Y. 320; *Matter of Shonts,* 229 N. Y. 374.)

*William Copeland Dodge, District Attorney (Felix C. Benvenga* and *Joseph F. McLoughlin* of counsel), for respondent. The order appealed from is not reviewable by the Court of Appeals. (*People* v. *Bennett,* 136 N. Y. 482; *People* v. *Young,* 151 N. Y. 651; *People* v. *Clark,* 168 N. Y. 676; *People* v. *Baker,* 168 N. Y. 677; *People* v. *Russell,* 171 N. Y. 655; *People* v. *Levy,* 217 N. Y. 672; *People* v. *DiMeo,* 224 N. Y. 612; *White* v. *Benjamin,* 150 N. Y. 258; *Reilley* v. *President of D. & H. C. Co.,* 102 N. Y. 383.) The power to remit a forfeiture is discretionary and relief should not be granted where the surety is engaged in the business of furnishing bail bonds. (*People* v. *Spear,* 1 N. Y. Cr. Rep. 358; *People* v. *Heir,* 152 App. Div. 179; *People* v. *Schwarze,* 168 App. Div. 124; *People* v. *DiMeo,* 181 App. Div. 893; 224 N. Y. 612; *People* v. *Phelan,* 219 App. Div. 80; *People* v. *Licenziata,* 230 App. Div. 358; 256 N. Y. 534; *People* v. *Grundy,* 218 App. Div. 541; *People* v. *Cohen,* 229 App. Div. 515; 255 N. Y. 530.) The District Attorney's certificate is a condition precedent to the remission of a forfeiture. (*People* v. *Abrams,* 172 App. Div. 577; *People* v. *Grundy,* 218 App. Div. 541; *People* v. *Martin,* 225 App. Div. 572; *People* v. *Cohen,* 229 App. Div. 515; 255 N. Y. 530; Consolidation Act [L. 1882, ch. 410], §§ 1480, 1482, 1483; *People* v. *Bennett,* 136 N. Y. 482; *Matter of Sayles,* 84

App. Div. 210.) The death of a principal does not, as a matter of law, entitle the surety to a remission. (*Taylor* v. *Taintor*, 83 U. S. 366; *De Orozco* v. *United States*, 237 Fed. Rep. 1008; *United States* v. *Van Fossen*, 1 Dill. 406; *People* v. *Manning*, 8 Cow. 297; *People* v. *Dale*, 169 App. Div. 940; *People* v. *Rich*, 36 App. Div. 60; *People* v. *Meyer*, 9 Misc. Rep. 726; *People* v. *Perlstein*, 7 N. Y. Supp. 662; *Paynes* v. *State*, 45 Ala. 52; *Adler* v. *State*, 35 Ark. 517; *State* v. *Stanley*, 104 Kan. 475; *McKee* v. *Comm.*, 7 Ky. Law Rep. 286; *People* v. *Tubbs*, 37 N. Y. 586.)

POUND, Ch. J. On January 25, 1933, the defendant Marcel Poffe was admitted to bail in the sum of $10,000 to answer an indictment for assault. On February 23, 1933, the defendant Max Parkin was admitted to bail in the sum of $20,000 to answer an indictment for robbery, assault and grand larceny, and in the sum of $10,000 to answer an indictment for assault. In each case the Concord Casualty and Surety Company executed the bond as surety.

The cases against these defendants appeared on the trial calendar of the Court of General Sessions for trial on February 7th (Part 2), February 14th (Part 2), February 23d (Part 2), May 5th (Part 6) and May 8th (Part 6), on each of which occasions the defendants appeared, but the People were not ready.

On May 18, 1933, the cases again appeared on the trial calendar of Part 6 before Judge CORRIGAN, but the defendants were not present in person. Their attorney, Mr. Michael I. Winter, at that time, however, submitted an affidavit of his engagement in another court and applied for an adjournment, but the application was denied and forfeiture of the bonds was directed.

An application for the remission of the forfeiture was made under sections 597 and 598 of the Code of Criminal Procedure. An application for the granting of such relief is addressed to the discretion of the court and should be

exercised only under exceptional circumstances and to, promote the ends of justice. (*People* v. *Cohen*, 245 N. Y. 419, 421.) Facts which address themselves to the discretion of the court in this case are as follows: The failure of the principals to appear in court on May 18th was due to the fact that their attorney had advised them that it would not be necessary for them to appear as he would make an application for an adjournment which he expected would be granted; that negotiations had been entered into to have the defendants appear in court on June 12th; that prior to June 10, 1933, defendants were killed; that if defendants had been alive they would have been in court on June 12th; that no one was prejudiced by the failure to produce the defendants on the day when the order of forfeiture was made and that the People have lost no rights by reason of the delay.

Appellant first contends that as matter of law the death of the defendants exonerated the bail as the surety company was prevented from surrendering the defendants by reason of their death. The court doubtless has power, in the exercise of discretion, to remit a forfeiture in such a case, but the surety is not entitled to such remission as matter of right. It is only where the principal dies before the day of performance that bail is exonerated. (*Taylor* v. *Taintor*, 83 U. S. 366, 369; *State* v. *Stanley*, 104 Kan. 475.) A forfeiture has not, as a rule, been remitted where the accused was not in custody and produced. (*People* v. *Heit*, 152 App. Div. 179.) In *People* v. *Wissig* (7 Daly, 23) the court made some pertinent observations to the effect that the ends of justice would in no way be served by requiring the surety to pay the penalty of the bond when death occurs after forfeiture. This *obiter*, while not a rule of law, might be a guide to judicial discretion.

The Consolidation Act (Laws of 1882, ch. 410, §§ 1482, 1483) requires a certificate of the District Attorney that the People of the State of New York have lost

no rights by reason of the failure of a surety to produce a principal in compliance with the terms of a recognizance given by them, and that *by reason of the principal being produced* the People of the State of New York are in as good a position to prosecute the principal as when such failure occurred. Of course no such certificate is or can be presented here. The principals cannot be produced. They are beyond the reach of earthly process or power. Under such circumstances, the court may proceed without the certificate. Such has been the holding of the lower courts where the District Attorney has arbitrarily refused to grant a certificate. (*People* v. *Handel*, 238 App. Div. 596.) *A fortiori* when by reason of death, the District Attorney cannot certify that the principals have been produced.

The surety may not claim relief as matter of right.

Under the letter of the law, no relief may be granted unless the District Attorney can certify that the defendants are in custody and may be produced. The court may, however, exercise its discretion. The question now arises as to the jurisdiction of this court to review the reversal by the Appellate Division of a discretionary order. Under the Constitution (Art. VI, § 7, as amd. Nov. 3, 1925) the court may review the facts when the Appellate Division in reversing a final order in a special proceeding makes new findings of fact. Such findings may, on appeals from orders, be implied and need not be separately stated. (*Matter of Flagler*, 248 N. Y. 415, 420.) Here the reversal is not on the law but the appeal is properly before us on the facts. It seems that the ends of justice would in no way be preserved by requiring the surety to pay the penalty where there was an excusable default, an arrangement to produce the principals in court on a certain day and death of the principals before that day. The decision of the Appellate Division takes $40,000 from the surety company only because its efforts to produce the defend-

ants have been frustrated by their violent and sudden death.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN, J., dissents; KELLOGG, J., not voting.

Ordered accordingly.