45 So.2d 861

## STATE v. ESDALE.

### 6 Div. 804.

Court of Appeals of Alabama.
July 28, 1949.

Rehearing Denied Oct. 5, 1949.

John T. Batton, Birmingham, for appellee.

A. A. Carmichael, Atty. Gen., and Emmett Perry, Sol., Birmingham, for appellant.

Wilkinson & Skinner and G. Ernest Jones and others, Birmingham, amicus curiae.

CARR, Judge.

On January 29th, 1946, Gladys Jackson was in the Jefferson County jail under indictment for murder. On this date the sheriff approved an appearance bond for this defendant in the sum of $500. Willie Esdale and A. D. Jones signed as sureties.

On December 2nd, 1946, the indictee pleaded guilty to manslaughter in the first degree and was by the jury given two years imprisonment in the state penitentiary. The court entered judgment accordingly. On the same date the defendant applied for probation. Incident to this request the court made the following order:

"12–2–46 Defendant applies for probation. Referred to Probation Department for report on 12–20–46. The defendant being under bond for her appearance, she is

by consent of her bail continued at liberty under the same bond which is continued in effect. Wheeler, J."

The defendant failed to appear and the hearing was continued from time to time. On March 21st, 1947, the court ordered the appearance bond forfeited. Proceedings were then followed as provided under Secs. 213, 214, 215, and 216, Title 15, Code 1940.

Finally, on January 14th, 1949, an informal hearing was had on the forfeiture and final judgment was entered on the appearance bond for $170. From this judgment, the State appeals.

The principal, Gladys Jackson, had not been rearrested nor had she voluntarily appeared to abide the orders of the court, at the time the final judgment was entered on the bail bond.

The State insists that under these circumstances the court was without authority to make the bond final for any amount less than the entire sum expressed in the undertaking.

In the case of Hammons v. State, 59 Ala. 164, 31 Am.Rep. 13, Chief Justice Brickell made this observation: "The appearance of the principal, and his submission to the orders of the court is contemplated, in all cases in which the court exercises the power of setting aside the conditional judgment, or of rendering it absolute for less than its whole amount. It is not contemplated, the power shall be exercised in cases in which he does not appear, and the court can not hold him to answer the indictment."

It is quite true that this statement was not decisive of the questions presented and it may be taken as dictum. However, it is an unequivocal pronouncement of a great jurist, and in our view is a sound, logical doctrine and is due to be followed by our courts.

It is to be noted that Sec. 217, Title 15, as it appears in our current code, has remained unchanged throughout its legislative history.

Generally speaking, the obligation of bail is to surrender the principal or satisfy the expressed undertaking.

The theory of the common law is that the principal is in the custody of his sureties, and remains at liberty at the grace of his bail. In other words, the sureties, instead of the officers of the law, become the custodians or keepers. Their dominion over the principal extends to a right, at any time, to arrest and surrender him again to the custody of the law. If necessary, they can follow him into another state and there pursue and take him.

The undertaking of bail of instant concern is specifically expressed by the provisions of Sec. 212, Title 15, Code 1940: "The essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited by the failure of the defendant to appear, although the offense, judgment, or other matter is incorrectly described in such undertaking, the particular case or matter to which the undertaking is applicable being made to appear to the court."

We are in accord with the following statement which we excerpt from the opinion in Southard v. People, 74 Colo. 67, 219 P. 218, 219: "Southard's good faith, however, and therefore that of his surety, which rests on his, is shattered by his continued failure to present himself. If they had been faithful on that point they might perhaps have had the bond chancered, Brett v. Murphy, 80 Me. 358, 14 A. 934; James v. Smith, 1 Tyler, Vt., 128, 136, but, since the accused has never appeared, neither of them is in a position to appeal to the equitable favor of the court."

In reviewing the authorities from other jurisdictions we must, of course, take into account the governing statutes.

The Georgia statute in pertinent part provides: "After forfeiture, and before final judgment, the bail may, at any time, surrender their principal, upon payment of all costs accruing up to that time." Ga. Code Ann. § 27-904.

In the case of McArdle v. McDaniel, 75 Ga. 270, a scire facias was issued on a forfeited appearance bond, and on its return, the principal again failing to appear,

the judgment was made final. Later in the same term and before the jury had been discharged, the principal appeared, was tried and acquitted. A valid excuse was rendered for his nonappearance at the previous terms. Under these circumstances, it was held that the judgment of forfeiture should have been vacated as "the objects of the law are accomplished by the appearance of the principal at the return term of the scire facias before the juries are discharged" and "the bail has until that time to produce his principal."

In the case of Commonwealth et al. v. Grady et al., 236 Ky. 98, 32 S.W.2d 720, 721, the Court of Appeals of Kentucky has this to say: "The only hearing contemplated by the act is that provided for after the service of summons to show cause why judgment should not be pronounced against the bail. At this hearing the bail may file their response and give their reasons for the nonappearance of the defendant, and the commonwealth will be given an equal opportunity to disprove the grounds relied on, and to show their legal insufficiency. After the hearing the court may in its discretion remit the whole or part of the sum specified in the bond. *Though the court may not set aside the forfeiture unless the defendant be surrendered or arrested before judgment is entered,* Bonner v. Commonwealth, 85 S.W. 1185, 27 Ky.Law Rep. 647; Commonwealth v. Rowland, 4 Metc. 225; Yarbrough v. Commonwealth, 89 Ky. 151, 12 S.W. 143, 11 Ky.Law Rep. 351, 25 Am.St.Rep. 524; we take it that, if the physical condition of the defendant is such that his surrender or arrest would endanger his life, the court may continue the hearing and give the bail further opportunity to produce the defendant." (Emphasis ours.)

The following is taken from the body of the opinion in People v. Dellamura et al., Co.Ct., 28 N.Y.S.2d 584, 586: "The court then held and still holds, that although the surrender of the principal does not of itself work an exoneration, it still is an important condition with which a surety should first comply before applying to vacate a forfeiture judgment based upon the willful escape of its principal. People v. Bennett, 136 N.Y. 482—487, 32 N.E. 1044. 'A forfeiture has not, as a rule, been remitted where the accused was not in custody and produced.' People v. Parkin, 263 N.Y. 428–432, 189 N.E. 480, 482. It has long been the rule that the surety must place the People in statu quo as of the date when it executed its bail bond and to show also that they have lost no rights by reason of the forfeiture. People v. Lexington Surety and Indemnity Co., 238 App.Div. 797, 262 N.Y.S. 915; People v. Cohen, 229 App.Div. 515, 242 N.Y.S. 654, affirmed 255 N.Y. 530, 175 N.E. 300."

The courts in the two cases just supra were apparently concerned with the discharge of the sureties in toto. We are unable to see by what logical deduction it could be claimed that a partial discharge would be authorized under circumstances therein appearing.

We will not laden this opinion by citing other cases.

In 3rd, 4th, and 5th Decennial Digest under Bail, ☞ 80, may be found a legion of cases which have treated the matter of instant concern in its various aspects.

We hold that under the facts disclosed by this record the court was without authority to remit any part of the principal sum of the appearance bond undertaking.

A contrary conclusion would in effect place a premium on default. The very essence and purpose of the undertaking expressed in the bail bond were to assure the appearance of the defendant at court to answer the indictment. To exonerate the sureties by a remittitur of all or a part of the sum expressed in the bond while the default still exists would in effect defeat the very purpose of the conditions of assumed obligation.

In the case at bar the principal was indicted for murder in the first degree in August 1944. Since December 2nd, 1946, she has been at liberty despite the fact that on this date she was ordered by the court to serve two years in the state penitentiary.

In response to the questions raised by this record we are not required to determine the conditions and circumstances under which the sureties may be relieved of their re-

sponsibility to produce the principal before final judgment is taken on the bail bond. It is reasonable to suppose that some circumstances might intervene to make the fulfillment of the obligation impossible. For example, by the act of God, or by the act of the law, or by the act of the obligee. We do not decide this question, however.

It may be interesting to note that the Legislature, now in session, as amended Chapter 9, Title 15 of the current code. Act No. 199, H.B. 233.

The appellee assigns cross-error. Title 7, Sec. 746, Code 1940, amended Supreme Court Rules of Practice No. 3, Code 1940, Title 7 Appendix.

The cross-assignment is: "The court erred in rendering judgment against the bondsman Appellee Willie Esdale and in favor of the State of Ala. on the appearance bond after defendant Gladys Jackson had entered her plea of guilty, was found guilty by the jury as charged in the indictment and her punishment fixed by the jury and was sentenced by the Court."

We are not privileged to review this question. The matter was in no manner raised in the court below.

The proceeding with which we are concerned is a civil action. It is separate and apart from the original case in which the appearance bond was taken. An appeal lies therefrom as in any other cause of a civil nature. Jones v. City of Opelika, 242 Ala. 24, 4 So.2d 509; Ex parte Moore et al., 244 Ala. 28, 12 So.2d 77.

Cross-assignments of error are allowable only when the party making the same could have supported a separate and distinct appeal. Wright v. Evans, 53 Ala. 103.

In deference to counsel who now appears for the appellee it should be stated that he was not of counsel for the defendant in the court below.

The judgment of the court below is ordered reversed. A judgment is here entered in favor of the appellant and against the appellee for the full amount expressed in the appearance bond. Title 7, Sec. 810, Code 1940.

Reversed and rendered.

BRICKEN, P. J., not sitting.