THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. LOUIS HERNANDEZ, Defendant. In the Matter of the PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.—

In our opinion, remission of a forfeiture is not warranted upon the sole showing made here, namely: that the principal's failure to appear was due to his imprisonment in another State (cf. *People* v. *Lexington Sur. & Ind. Co.*, 238 App. Div. 797; *People* v. *Gropper*, 206 App. Div. 754; see, also, note in 4 A. L. R. 2d 446). Ughetta, Christ and Brennan, JJ., concur; Beldock, P. J., and Kleinfeld, J., concur in the reversal of the order but dissent as to the disposition made of the respective applications, and vote to remit the proceeding to the Kings County Court for proof as to whether the imprisonment of the principal (the defendant in the criminal action) in Florida on the date he was required to appear in the said County Court for trial was pursuant to a warrant of extradition for a crime committed before the bail bond was posted in July, 1959; or whether it was for a crime committed in Florida after the principal had gone there voluntarily subsequent to the posting of the bail bond. If the former, the forfeiture was properly vacated. (*People* v. *Moore*, 4 N. Y. Crim. Rep. 205.) If the latter, the forfeiture was improperly vacated (see cases cited in 26 A. L. R. 412.)