*861 OPINION OF THE COURT
Dan Lamont, J.
This is an application for remission of forfeiture of cash bail in the amount of $1,000 forfeited on December 3, 1986 when defendant Michael Williams failed to appear in County Court as directed. For the reasons which follow, this court holds and determines that the application should be denied.
Although this application is made upon notice to the District Attorney of Schoharie County pursuant to CPL 540.30 (2), the District Attorney has not filed any papers in opposition. Even though the People have not formally opposed the application for remission of forfeiture, such application remains addressed to the court’s discretion, invoked only under exceptional circumstances (People v Parkin, 263 NY 428 [1934]).
The defendant has been required to appear before the Schoharie County Court on numerous occasions pursuant to indictments charging him with burglary in the third degree, grand larceny in the second degree, criminal possession of stolen property in the third degree, and tampering with physical evidence. He has evinced an arrogant and casual attitude towards his court appearances, being late on a number of occasions. On November 19, 1986, the defendant was granted two weeks to obtain legal counsel, and was directed to appear on December 3, 1986 at 9:30 a.m. He telephoned the court offices at 11:20 a.m. on December 2, 1986, and requested legal counsel. On December 3, 1986, the defendant failed to appear as directed.
The facts and circumstances surrounding the defendant’s failure to appear on December 3, 1986 were entered upon the minutes, and the cash bail was thereupon declared forfeited. A warrant issued for the defendant’s arrest. The forfeiture of bail and the arrest warrant were reported in the newspapers. The defendant never did appear before the court voluntarily, and during the evening hours of December 4, 1986 he was arrested by the Schoharie County Sheriff’s Department pursuant to the arrest warrant.
Remission of forfeiture of bail is clearly not the rule, but rather the exception invoked under exceptional circumstances (People v Peerless Ins. Co., 21 AD2d 609 [1964]; see also, People v Parkin, supra). This court holds and determines that the defendant’s alleged misunderstandings do not constitute a reliable or sufficient excuse for remission of the bail after *862 forfeiture (see, People v Public Serv. Mut. Ins. Co., 49 Misc 2d 649 [1966]).
The applicant further contends that he is entitled to a remission of forfeiture of cash bail because the Schoharie County Treasurer has never given the written notice required by CPL 540.10 (2) which was amended by the Legislature in 1984 to provide as follows: "If the forfeited bail consisted of cash bail, the county treasurer with whom it is deposited shall give written notice of the forfeiture to the person who posted cash bail for the defendant [and] may at any time after the final adjournment of the court or forty-five days after notice of forfeiture required herein has been given, whichever comes later, apply the money deposited to the use of the county.” (Emphasis added.)
This court holds and determines the clear purpose of the legislative amendment to CPL 540.10 (2) was to provide notice of the forfeiture to the person who posted cash bail, thereby affording such person both the knowledge that the bail was forfeited and the opportunity to make timely application for remission of forfeiture. CPL 540.30 (2) provides that the application for remission of forfeiture "must be made within one year after the forfeiture of bail is declared upon at least five days notice to the district attorney”.
Where the applicant obviously has actual knowledge of the forfeiture of the cash bail and has made a timely application for remission of such forfeiture, the fact that the County Treasurer has not given written notice of the forfeiture to the applicant has absolutely no legal force and effect, except that the County Treasurer cannot apply the money deposited to the use of the county until 45 days after the written notice of forfeiture has been given.
In the exercise of discretion and based upon all the facts and circumstances herein, including the fact that the defendant was returned to the jurisdiction of this court pursuant to the execution of the warrant for his arrest, the within application for remission of forfeiture of cash bail in the amount of $1,000 should be denied.