HERBERT SHORO *v.* ANNA SHORO.

*Marriage. Divorce. Duress.*

A marriage may be annulled when it has been procured by duress; thus, a marriage was annulled on proof that the consent of the petitioner, a boy sixteen years old, was extorted by bastardy proceedings, maliciously instigated by the petitionee without probable cause.

PETITION to annul a marriage contract under section 2349 of the Revised Laws. Trial by court at September Term, Rutland County Court, 1887, ROWELL, J., presiding. Petition dismissed as a matter of law. Section 2349 R. L. is as follows: "The marriage contract may be annulled when * * * or when the consent of either party was obtained by force or fraud." The exceptions stated that "the petitioner had the alternative of going to jail or of marrying the petitioner." The other facts are sufficiently stated in the opinion.

*Ormsbee & Briggs*, for the petitioner, cited Scholu. Dom. Rel. p. 37; 1 Bish. Mar. & Div. (4th ed.) s. 211; *Clark* v. *Field*, 13 Vt. 460; 11 Vt. 226; *Scott* v. *Schufeld*, 5 Paige, 43; *Reynolds* v. *Reynolds*, 3 Allen, 610.

The opinion of the court was delivered by

Ross, J. This is a petition to have the marriage solemnized between the parties annulled, alleging among other things that the petitioner's consent was obtained by force and fraud. It comes to this court on the facts found by the County Court, and the exceptions of the petitioner to the refusal of the County Court to annul the marriage.

We have given the matter somewhat careful attention, both because the marriage contract is one in which the public generally is interested, and because no attorney has appeared for the petitionee.

The controlling facts found by the County Court are that the petitioner, a lad sixteen years old, never had sexual intercourse with the petitionee before or after the performance of the marriage ceremony, and never cohabited nor lived with her. She was older, of bad repute for chastity, and without probable cause, maliciously caused him to be arrested upon bastardy proceedings. He was greatly frightened by the arrest, protested his innocence, but was told by the officer he must get bail or go to jail. He applied to his father to bail him and was refused. The father told him to marry her, or go to jail, and advised him to marry her and not live with her. When protesting his innocence to the officer, the officer assured him, that would not save him. He took his father's advice, went through the marriage ceremony performed by the magistrate who signed the warrant for his arrest, while under arrest, in the presence of the officer, and while greatly frightened, with the fixed intention of never living with her, which he has fully carried out. Can there be a doubt that the marriage ceremony was procured by duress? What is duress? Says Mr. Bishop, Vol. 1, Marriage and Divorce, s. 210: " Where a consent in form is brought about by force, menace, or duress,—a yielding of the lips, but not of the mind—it is of no legal effect." Bacon's Abridgement under the title Duress: "If a man takes A. S. to wife by duress, though the marriage be solemnized *in facie ecclesiæ*, yet it is merely void, and they are not husband and wife, for without free consent there can be no marriage." Again he says: " It seems clearly agreed, that where a person is illegally restrained of his liberty by being confined in the common jail, or elsewhere, and during such restraint enters into a bond or other security, to the person who causes the restraint, he may avoid the same for duress or imprisonment." Mr. Bishop in section 213 gives

a case agreeing in its facts with the facts found by the County
Court in the case at bar except the arrest was made without
warrant, in which the marriage was annulled for duress.   He
intimates that if the arrest was on a legal process, it would be
otherwise.   No doubt that would be true if by " legal process," 
he means, one issued for legal cause.  . But, as to the petitionee, 
the process on which she caused his arrest, was a pretence, a
fiction ; because procured maliciously, and without probable
cause.   If anything, it was worse than an arrest without pro-
cess, but claiming to have one.  Mr. Bishop, s. 212, says : " A
doubt may be entertained whether a process would not be void,
if shown to be both malicious and without probable cause."
But illegal pretence, as it was, so far as regards the petitionee,
it accomplished her wicked and unlawful purpose, frightened
the boy, and caused him to consent to the performance of the
marriage ceremony in form only—a yielding of his lips but
not of his mind.   *Sartwell* v. *Horton*, 28 Vt. 370, and *Hoyt*
v. *Dewey*, 50 Vt. 465, are full authority that money procured
by a threatened arrest, on a charge which the maker knows to
be false and without foundation in fact, may be recovered
back.   In *Sartwell* v. *Horton*, the case of *Cadaval* v.
*Collins*, 4 Ad. & Ell. 858 is cited with approval.   The case
and decision is stated as follows : " That was an action to
recover money paid to the defendant after the plaintiff had
been served with process.   The fact was found by the jury
that the defendant knew that he had no claim upon the plain-
tiff when he sued out his writ.   COLERIDGE, J., observed
that " no case has decided that when a fraudulent use has been
made of legal process, both parties knowing throughout that
the money claimed was not due, the party paying under such
process is not to have the assistance of the law."  PATTERSON,
J., observed that " the jury concluded that the defendant
knew that the debt did not exist, and that he used the process
colorably.   To say that money obtained by such extortion can
not be recovered back would be monstrous."   Much more mon-
strous in our judgment, would it be to hold that a boy only

sixteen years old whose verbal consent to a marriage ceremony had been extorted by the use of a process known to be without probable cause, and used maliciously, instigated and set on foot by an unchaste, pregnant woman of mature age, cannot be relieved from the life-long bondage of such a wife.

The judgment of the County Court is reversed, the pretended marriage annulled and vacated.