[No. 8484.   Department One.   February 23, 1910.]

HERBERT E. THORNE, *Appellant*, v. RUTH FARRAR, *commonly known as Ruth Thorne, Respondent*.[1]

MARRIAGE—ANNULMENT—FRAUD—STATUTES.   Rem. & Bal. Code, § 7162, authorizing the annulment of a marriage for fraud is merely jurisdictional and refers to the force or fraud of the unwritten law of marriage contracts.

SAME—DURESS—EVIDENCE—SUFFICIENCY.   Duress as ground for annulment of a marriage must be shown by clear, satisfactory, and convincing evidence; and the evidence is insufficient where it appears that the plaintiff, a young man 26 years of age, upon demand of an attorney and a police officer, accompanied them to defendant's home, where he was charged with the paternity of defendant's unborn child, and threatened by defendant's mother with a criminal prosecution if he refused to marry; that he then agreed to meet them the next morning to go to another city and marry the defendant, which arrangement was carried out; that he did not see the officer or attorney after the agreement and had ample time before the marriage to consult relatives or an attorney; and that at the trial he exercised his privilege of refusing to answer as to whether he had carnally known the defendant, and was apparently persuaded to marry by the promptings of conscience rather than by threats of prosecution.

SAME—DURESS—CHARGE OF SEDUCTION—PROBABLE CAUSE.   A marriage entered into by a man in order to secure his release from arrest on a charge of seduction will not be annulled on the ground of duress, where the charge was not made maliciously or without probable cause, and he did not aver and prove the falsity of the charge.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 8, 1909, dismissing, on the merits, an action in equity.   Affirmed.

*Vince H. Faben* and *S. H. Kelleran*, for appellant.

*James M. Gephart* and *Charles E. Patterson*, for respondent.

GOSE, J.—This is a suit in equity brought for the purpose of annulling a marriage on the alleged ground of duress.   At

[1]Reported in 107 Pac. 347.

the close of the plaintiff's evidence, a judgment of dismissal was entered on the insufficiency of the evidence. The plaintiff has appealed.

The duress alleged in the complaint is that an attorney and a police officer, at the instance of the respondent, for the purpose of coercing and intimidating the appellant to enter into a marriage contract with the respondent, made threats to the appellant, "that they would continue and complete a certain criminal action then pending, wherein the plaintiff was charged with criminal seduction of a female under the age of eighteen years, and that said defendant was the female referred to; that the respondent wrongfully charged that the appellant was the father of an unborn child of which she was soon to be delivered; that a warrant had been issued and was in the hands of the officer; that she placed the appellant under arrest in virtue of the warrant, and compelled him by fear of a criminal prosecution to enter into the marriage relation; that she represented to the appellant that she was under the age of eighteen years, when in fact she was of the age of nineteen years." The respondent joined issue on the allegations of duress and misrepresentation.

Our statute, Rem. & Bal. Code, § 7162, provides that a marriage is voidable at the suit of the injured party "when the consent of either party shall be obtained by force or fraud." The statute does not define the kind or degree of force or fraud required to annul a marriage. Similar statutes, however, have been construed as being merely jurisdictional, and to mean that kind of force and fraud defined by the unwritten law applicable to marriage contracts. *Franke v. Franke* (Cal.), 31 Pac. 571, 18 L. R. A. 375; Bishop, Marriage & Divorce, §§ 475, 478; *Foss v. Foss*, 12 Allen 26.

The record discloses, that the appellant was twenty-six years of age at the time of the marriage; that the day preceding the marriage an attorney and a police officer, or one believed by the appellant to be such, called upon the appellant at the place where he was working; that the attorney

said to him: "You have been intimate with a certain young lady that you know. You understand what I mean. There is no need of my explaining these matters"; that the attorney "gave him to understand" that the respondent was under age, and that her mother had caused a warrant to issue for his arrest charging that the appellant had "been intimate" with the respondent; that he then inquired whether appellant would marry her, to which the latter replied that he would not; that the officer then approached and said, "So I understand you refuse to go?"; that the appellant answered that he did; that the officer then showed a badge which the appellant believed to be the badge of an officer, saying, "I am here to see that you do go." The appellant further stated that he, the attorney, and the officer then went to the home of the respondent; that her mother asked him if he intended to marry the respondent, he answering that he did not; that she then said, "Well, if you don't, I will start criminal proceedings against you"; that thereafter a general conversation took place from which the witness "understood" that, if he did not marry the girl, he would be sent to jail or the penitentiary. The appellant then agreed with the respondent and her mother that he would go with them to Tacoma on the following day, procure a license, and have the marriage ceremony performed. This arrangement was carried out. the appellant meeting the respondent and her mother the next morning at nine o'clock, at the depot, where they took the train to Tacoma, procured a license, and secured a minister who united the appellant and the respondent in marriage. After the marriage ceremony had been performed and after the three had lunched together, the mother returned to her home and the appellant and the respondent repaired to a sleeping room in the hotel, which the former had procured, and remained there for several hours, returning to her home late in the afternoon, where they had dinner. The parties have not lived together as husband and wife, and the appellant asserts that they have not cohabited since the marriage.

There is no claim that either the officer or the attorney saw the parties after the appellant agreed to the marriage on the evening preceding its celebration, or that he was under any restraint after that time. Nor is there any evidence of an arrest, other than a constructive one. Do these facts constitute duress? We think not. Whatever construction the appellant may have given the language or the conduct of the officer and the attorney before he went to the home of respondent, he was there advised by her mother that criminal proceedings would be commenced if he did not marry the respondent, plainly implying that a warrant had not then issued. The record discloses that, at the time of the marriage, the respondent was three months over eighteen years of age. This, however, is unimportant as the charge was not statutory rape, but seduction. On cross-examination the appellant was asked whether he had carnally known the respondent, and he declined to answer, claiming a privilege which the court sustained. It appears, however, by clear implication from the complaint that he had carnally known her. He alleged that she represented that he was the father of the child and that she was otherwise chaste. Regardless of the effect the statements of the attorney and the officer may have had upon the appellant, he had ample time before marriage in which to consult relatives, friends, or an attorney if he desired, and determine for himself whether he would carry out his contract. We are persuaded that the promptings of conscience and not threats moved him to marry the respondent and make the reparation that honorable conduct demanded. As was said in *Meredith v. Meredith*, 79 Mo. App. 636:

"Threats and acts of intimidation do not necessarily prove duress, and where the party was under a moral obligation to enter into or discharge a contract, the presumption is that he acted from a sense of moral duty, and this presumption should be weighed in the scale against the evidence of duress, . . ."

The burden is on the appellant to sustain the allegations of duress, and where it is sought to annul a marriage contract, a decree will not be granted except upon production of clear, satisfactory, and convincing evidence. 26 Cyc. 913; *Foss v. Foss, supra.* The fact that the appellant was reluctant to make a promise of marriage is not evidence that he did not yield his free and full assent to the marriage which was solemnized upon the day following, upon his own procurement.

Assuming that there was a constructive arrest, there is another ground upon which a court of equity will decline to annul the marriage. If a man lawfully arrested on process for seduction, the prosecution being based upon probable cause, marries the woman to procure his discharge, he cannot annul the marriage upon the ground of duress. *Marvin v. Marvin,* 52 Ark. 425, 12 S. W. 875, 20 Am. St. 191; *Jackson v. Winne,* 7 Wend. 47, 22 Am. Dec. 563; *Sickles v. Carson,* 26 N. J. Eq. 440.

"A marriage brought about by force, duress, abduction, or terror under threats may be annulled. But these influences must have been brought to bear by the other contracting party or with his procurement or connivance. And threats of any legal or penal measures authorized by law and the circumstances of the case will not invalidate the contract. Thus, in particular, if a man under lawful arrest for seduction or bastardy, the complaint being based on probable cause, chooses to marry the woman as a means of obtaining his release and terminating the proceedings against him, he cannot allege duress as a ground for annulling the marriage. But it is otherwise if the prosecution was maliciously instituted and without probable cause, or if the accused, being pliant and inexperienced, is bullied by the magistrate and yields under threats of more severe penalties than the law allows." 26 Cyc. 906, 907.

Not only does the moral obligation of the appellant appear from the complaint by clear implication, as we have seen, but the respondent in her answer admits that she represented to the appellant that she was with child by him, and

avers that the representation was true. We find no denial of this in the record. If the appellant had not carnally known the respondent, he knew the charge of seduction was false, and if he was induced to marry her through duress and desired to avoid the marriage contract on that ground, it certainly devolved upon him to aver and prove the falsity of the charge. If he had carnally known her and married her to avoid being prosecuted, in the absence of evidence, probable cause will be presumed and there was no duress.

The decree is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.