(76 South. 51)
FERRELL et al. v. LEONARD et al.
(6 Div. 582.)

(Supreme Court of Alabama. May 17, 1917.
Rehearing Denied June 21, 1917.)

1. EQUITY ⬦418—DECREE PRO CONFESSO.
A final decree based upon decrees pro confesso, taken without notice after defendants had

regularly entered an appearance, some by demurrer and all by a plea, will be reversed.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 952–971.]

2. APPEAL AND ERROR ⟜1173(1)—REVIEW—MOOT CASE AS TO PART OF APPELLANTS.

The fact that a case has become moot as to some of the appellants will not exclude consideration of the appeal as to the others, there being a severance in the assignments of error, and the appellants who are no longer necessary parties can be discharged by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4567, 4569, 4656.]

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by Elizabeth Leonard and others against J. H. Ferrell and others. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

W. L. Martin, Atty. Gen., L. E. Brown, Asst. Atty. Gen., and Cabaniss & Bowie and Smith & Wilkinson, all of Birmingham, for appellants. C. B. Powell, of Birmingham, for appellees.

ANDERSON, C. J. [1, 2] The final decree in this cause must be reversed, as it was based upon decrees pro confesso taken without notice after the appellants had regularly entered an appearance, some by demurrer, and all by a plea. Chancery Rules 46, 48; Vary v. Thompson, 168 Ala. 371, 52 South. 951. It has been suggested that this is a moot case as to some of these appellants, in that some of them have turned over certain books, funds, etc., to the receiver. Whether this be the case or not, it would not exclude the consideration of the appeal as to the other respondents, there being a severance in the assignments of error, or prevent a reversal, and the respondents who are no longer necessary parties can be discharged by the trial court.

The decree of the chancery court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.