(125 So. 666)
### NEWMAN v. SIGLER. (6 Div. 433.)

Supreme Court of Alabama. Jan. 16, 1930.

Earle Pettus, of Birmingham, for appellant.

W. E. Howard, of Birmingham, for appellee.

FOSTER, J. ■ This is a suit in equity to annul a marriage for duress. The testimony was taken orally before the court. At the conclusion of the testimony for complainant the presiding judge announced his conclusion that such testimony was not sufficient to justify relief, and did not require respondent to offer any. A decree was entered accordingly. The jurisdiction of a court of equity to annul a marriage for duress is well known. Gwin v. Gwin, 219 Ala. 552, 122 So. 648; Kelley v. Kelley, 206 Ala. 334, 89 So. 508; Hawkins v. Hawkins, 142 Ala. 571, 38 So. 640.

In this connection, it may be said that: "The general rule is that where a man arrested for seduction or bastardy marries the woman to escape the penalty for that offense, his action is voluntary in a legal sense and he cannot afterwards have the marriage annulled on the ground that he was coerced." 9 R. C. L. p. 306, § 76; 20 Ann. Cas. page 1377; Marvin v. Marvin, 52 Ark. 425, 12 S. W. 875, 20 Am. St. Rep. 191; Thorne v. Farrar, 57 Wash. 441, 107 P. 347, 27 L. R. A. (N. S.) 385, 135 Am. St. Rep. 995; Williams v. State, 44 Ala. 24; Sherman v. Sherman, 174 Iowa, 145, 156 N. W. 301. But a different conclusion results if the criminal charge is made maliciously and without probable cause, for in such case there is the element of fraud mixed with that of duress. 9 R. C. L. 305; Shoro v. Shoro, 60 Vt. 268, 14 A. 177, 6 Am. St. Rep. 118; Marvin v. Marvin, supra; Thorne v. Farrar, supra; Sherman v. Sherman, supra.

In our case of Hawkins v. Hawkins, supra, the complainant had not had sexual intercourse with the girl at all; she was much older than he; the marriage license was illegally issued; he did not have the advice of parents, friends, or attorney. Considering all such facts, this court held that the annulment of the marriage was proper. It was a fraud under such circumstances, and without a legal license the marriage was not legal.

■ In the instant case, complainant admitted having sexual relations with respondent about a year before their marriage, and made no effort to show that he was not the father of the child to which the respondent had that day given birth. Complainant had the advice of his parents and attorney, and they all advised or consented to the marriage. Final arrangement was delayed until complainant's father could arrive and give his consent. He went to respondent's house and was present at the marriage. There may have been a threat of criminal prosecution or even a constructive arrest of complainant. But nothing tends to show that such was a false arrest or was malicious and without probable cause, or that it was conspiracy to formulate a false charge to induce the marriage; on the other hand, it seems to have been well founded. There was no attempt to show a threat or demonstration of personal violence, nor a display of or reference to weapons. We see nothing in the evidence but a voluntary, though reluctant, marriage to escape a criminal charge for an offense which complainant did not deny, but virtually admitted. While complainant was two years younger than respondent, and may have been inexperienced, as to which there was no evidence, he had the advice of his parents and counsel, and they all consented to the marriage.

We agree with the conclusion reached by the circuit judge, and the decree is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.