193 So. 113

### Ex parte BERGERON et al.

### I Div. 76.

Supreme Court of Alabama.

Dec. 21, 1939.

Rehearing Denied Jan. 25, 1940.

Geo. A. Sossaman, of Mobile, for petitioners.

Wm. V. McDermott, of Mobile, for respondent.

THOMAS, Justice.

The purpose of the mandamus is to test the authority of the trial judge to vacate the final decree of August 11, 1939.

Many years ago this Court decided that when the record shows due service of process or notice and the judgment rendered is not void on its face, the court which rendered the judgment cannot after the lapse of the term either alter or vacate the judgment on the motion of either of the parties.

After the lapse of thirty days from the rendition of a final decree, to vacate the same a bill in equity in the nature of a bill of review is required. Such was not the procedure here. The four months statute (Code 1923, § 9521) has no application to proceedings in equity, such as this. Snyder v. Woolf et al., 232 Ala. 87, 166 So. 803; McWilliams v. Martin, 237 Ala. 624, 188 So. 677; Ex parte New Home Sewing Machine Co., ante, p. 159, 189 So. 874.

The facts may be stated as follows: On July 7, 1939, petitioner filed a bill in the equity division of the circuit court having for its purpose the abatement of a nuisance. The sheriff filed a return in said cause to the effect that he received the subpœna on July 7, 1939, and served a copy of the same on the defendant on July 8, 1939. The return was duly signed by the sheriff of Mobile County by his deputy. Respondent failed to appear, and on August 8, 1939, upon written mo-

tion, complainant secured a decree pro confesso against respondents. Gen. Acts 1931, p. 44.

On August 10, 1939, complainant requested to submit the cause for final decree together with a note of the testimony. On August 11, 1939, a final decree was rendered abating said establishment as a nuisance.

After the expiration of thirty days, in the circuit court, and on towit, September 25, 1939, the complainant filed a motion for a rule against said defendant for contempt for failing to obey the decree of August 11th, 1939.

On September 28, 1939, said defendant filed a motion setting up that he had not been served with process, and that the first he knew of the proceedings was the service of the rule nisi upon him on September 25, 1939. This motion was set for hearing on October 9th, 1939, at which hearing he testified that he had received no notice of the original proceedings, and that the sheriff's return of service was untrue in fact.

A number of witnesses testified that respondent had a meritorious defense to the suit, and upon this evidence, on October 9th, 1939, the honorable Judge of the Circuit Court set aside the final decree of August 11th, and reinstated the cause upon the trial docket of the circuit court.

In this action of the circuit court there was manifest error, and the petition for mandamus is granted.

Writ of mandamus granted.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.