4 So.2d 901

## HAMLET v. HAMLET.

### 8 Div. 149.

Supreme Court of Alabama.

Dec. 4, 1941.

Carmichael & Polk, of Tuscumbia, for appellant.

No attorney marked for appellee.

THOMAS, Justice.

The appeal is from a decree declining to annul a voidable marriage by citizens of this state.

It is established in this jurisdiction that marriage is in law a civil contract between the parties. Nelson v. Brown, 164 Ala. 397, 51 So. 360, 137 Am.St.Rep. 61; Barrington v. Barrington, 200 Ala. 315, 76 So. 81.

The lower court has jurisdiction of the parties, complainant being a citizen of Alabama, and authority to annul the marriage, even though the ceremony was performed in another state. Gwin v. Gwin, 219 Ala. 552, 122 So. 648; 128 A.L.R. 65.

The Gwin case, supra, is in line with the general authorities which are collected in 128 A.L.R., pp. 65 and 66, to the following effect: Both in this country and in England it' is directly or inferentially recognized that the courts of the domicil have jurisdiction to annul a marriage celebrated elsewhere. The question is treated identically with that involved in divorce without, however, expressly holding that the jurisdiction of the domicil is exclusive of that of any other state, particularly that of the place of celebration of the marriage. 128 A.L.R. p. 64. And where the forum of the suit for annulment is the domicil of both parties at the time of suit, the clearest situation is presented for application of the rule that the court of the domicil of the parties has jurisdiction to annul a marriage between parties even though celebrated elsewhere than in the state where annulment is sought. This·is the rule established in Illinois, Massachusetts, Connecticut, Mississippi, Montana, New York, England and Alabama.

The rule applies with stronger force where the forum was also the domicil of both parties at the time of the foreign marriage. Gwin v. Gwin, supra. It was held in the last-cited case that: " * * inasmuch as the jurisdiction of the courts of Alabama extends over its citizens, it extends also over their marital status, without regard to where the marriage ceremony was performed; and consequently, a court in Alabama had jurisdiction to annul a marriage entered into in Louisiana, between parties resident in Alabama both at the time of the celebration of the marriage and at the commencement of the suit for annulment. The court relied upon the decision in Antoine v. Antoine, 1923, 132 Miss. 442, 98 So. 305 (in which the annulment suit was instituted in Mississippi where the marriage was celebrated, the parties being domiciled in Alabama, and the court refused to entertain the suit) and said that if in the instant case the suit to annul the marriage had been brought in the courts of Louisiana, both parties being residents of Alabama, the Louisiana court would be likely to take the same attitude as did the Mississippi court in Antoine v. Antoine."

The "nullity decree" may be granted on a void marriage, or on one subject to ratification. Henley v. Foster, 220 Ala. 420, 125 So. 662; Hyslop v. Hyslop, 241 Ala. 223, 2 So.2d 443.

■ A marriage is invalid and may be annulled where one of the parties is so much intoxicated as not to know what he was doing at the time, and such marriage is not thereafter, by acts or conduct, ratified by the parties. Prine v. Prine, 36 Fla. 676, 18 So. 781, 34 L.R.A. 87; Henley v. Foster, supra; Snead v. Scott, 182 Ala. 97, 62 So. 36; Sellers v. Knight, 185 Ala. 96, 64 So. 329; Lewis v. Davis, 198 Ala. 81, 84, 73 So. 419.

Upon the respective pleadings and testimony of the parties, the trial court, among other things, stated in its decree that:

" * * * In view of the fact, that there is no witness to the said contract except the complainant and the respondent if there was a contract of marriage, and, in view of the further fact that there is a tendency on the part of the complainant and respondent to the marriage contract to treat the marriage too lightly the Court is of the opinion that the complainant is not entitled to the relief prayed for in said bill and relief is denied him.

"It is therefore ordered, adjudged, and decreed by the Court that said Bill of Complaint, together with this cause be dismissed out of this Court at the cost of the complainant * * *."

■ This court is of opinion that the decree of the trial court was in error and the cause is reversed and rendered, granting the relief prayed for by Andy Hamlet, Jr., by his next friend, Andy Hamlet, Sr.

Reversed and rendered.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.