72 So.2d 831

### CONSTANTINE v. CONSTANTINE.

6 Div. 555.

Supreme Court of Alabama.

May 13, 1954.

Jerry O. Lorant, Birmingham, for appellant.

Pointer & Hawkins, Albert Boutwell, Jas. M. Fullam, Jr., Birmingham, for appellee.

SIMPSON, Justice.

The appeal is from a decree of the circuit court in equity overruling a motion to set aside a former decree of the court annulling the marriage theretofore undertaken between the parties.

The marriage ceremony was performed May 22, 1948, in Nassau, the Bahamas, a British possession. Thereafter in July, 1948, the appellee filed a bill in the Jefferson County Circuit Court, in equity, alleging that the marriage ceremony was procured by fraud, deceit and misrepresentation of the respondent (appellant). On answer of the respondent duly filed, testimony was taken to prove the allegations of the bill and the court on August 4, 1948, entered a decree granting relief and annulling the marriage. The present decree from which this appeal has proceeded was rendered January 23, 1953, overruling the above referred to motion filed the same day.

The contention of the appellant is that the decree of annulment was void because the original bill of complaint upon which the decree was rested failed to allege sufficient jurisdictional facts to support such decree. The contention cannot be sustained.

There can be no doubt that courts of equity in this state are fully empowered to render decrees annulling marriages. Hamlet v. Hamlet, 242 Ala. 70, 4 So.2d 901; Newman v. Sigler, 220 Ala. 426, 125 So. 666; Henley v. Foster, 220 Ala. 420, 125 So. 662; Taylor v. Taylor, 249 Ala. 419, 31 So.2d 579.

The motion to vacate the original decree, filed many years after its rendition, was a collateral attack on it and unless the

decree was void on its face the motion could not prevail. However defectively pleaded in stating a cause of action, if the complaint invoked the power of the equity court over the subject matter within its jurisdiction, with the necessary parties, a decree rendered thereon would not be void so as to be subject to vacation on collateral attack. Chandler v. Price, 244 Ala. 667, 670, 15 So. 2d 462; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

 Jurisdiction of the subject matter means the power to adjudge concerning the general question involved and is not dependent upon the state of facts which may appear in a particular case which may have arisen under the general question, and if the bill states a case belonging to the general class over which the authority of the court extends, the jurisdiction of the court attaches and no error committed by the court can render the judgment void. So, the judgment or decree of the court which has jurisdiction of the subject matter and the parties and possesses the power to render the particular judgment or decree is immune from collateral attack. Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153; Chandler v. Price, supra; Taylor v. Taylor, supra.

This court has also ruled that the courts of the domicile of one of the parties, when the other party is brought into court by due and proper service, has jurisdiction to annul a marriage celebrated elsewhere. Hence the fact that the appellant was a nonresident of the state, an alien, would not militate against the principles above enunciated. Hamlet v. Hamlet, supra; 55 C.J.S., Marriage, § 52, p. 930.

The basis of the appellant's contention that the annulment proceedings were void is that the validity of a marriage is to be determined by the law of the place where the marriage was contracted, and that under English law fraud is not a ground for the annulment of a marriage contract. Without entering into a discussion of this question, it is sufficient to say that the courts of Alabama do not take judicial notice of the laws of other states or countries or of the law as expressed and applied in their judicial decisions. Smith v. Blinn, 221 Ala. 24, 127 So. 155; Southern Exp. Co. v. Owens, 146 Ala. 412, 41 So. 752, 8 L.R.A.,N.S., 369.

The conclusion, therefore, is that the claimed invalidity of the annulment proceedings not appearing on the face of the record cannot be raised on this collateral attack and the trial court ruled correctly in overruling the motion to vacate the annulment decree.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.