75 So.2d 915

**J. M. CAPPS**

v.

**M. A. NORDEN.**

1 Div. 592.

Supreme Court of Alabama.

Nov. 11, 1954.

Vickers & Thornton, Mobile, for appellant.

V. R. Jansen, Mobile, for appellee.

**PER CURIAM.**

This is an effort to review by appeal, or mandamus in the alternative, a decree of the circuit court in equity, rendered January 18, 1954, which set aside and vacated a former decree rendered October 30, 1953, on the ground that said decree was void. The latter decree was final on a bill in equity which sought a partnership settlement by Capps as plaintiff against Norden as defendant, and observed a recognized jurisdiction of a court of equity. The decree allowed the settlement prayed for, resulting in a balance found due plaintiff by defendant for which a judgment was rendered.

On December 17, 1953, the defendant Norden filed a motion to "set aside and declare void an order dated October 30, 1953 purporting to be a final decree, and in support of said motion defendant assigns the following separate and several grounds". One ground was that the order of submission and note of testimony are signed in blank and no pleading or evidence is noted to support the decree. The second ground was that the decree pro confesso, dated September 28, 1953, recites that the defendant "has failed to appear and plead, answer or demur, when in fact there was filed on September 10, 1953 an appearance in writing executed by the defendant and giving the address where he could be notified of future proceedings in this cause". The third ground was as follows:

"The defendant attaches hereto as exhibit a blank form of printed appearance furnished at the taxpayers expense to litigants and attorneys for filing in causes pending in the Circuit Court of Mobile County, Alabama, which form is frequently and customarily used by defendants and attorneys on the law side of the circuit court to indicate the appearance of the defendant and the desire to defend the complaint filed against them and this defendant prepared and executed a paper in substantial form with the exhibit hereto attached, for that, he had not employed a solicitor and assumed, under the facts set out in the following grounds, that it would be unnecessary for him to employ a solicitor since in normal procedure this cause would not be set for trial prior to the January or February settings and the issues raised by the complaint would have been considered by another jury of this court and this defendant assumed that the determination of those issues would make it unnecessary for the employment of a solicitor or the expenditure of money in the defense of this proceeding and following the filing of said appearance or answer on September 10,

1953, this cause did not appear on the list of any cases on the typewritten dockets distributed among the attorneys by the register of the circuit court for call on motion day nor did this cause appear on any mimeographed monthly docket issued by the register of the circuit court for distribution among the attorneys for the setting of pending causes for trial nor has any notice by letter, personal service, telephone or otherwise been given to this defendant of the filing of any motion, of the taking of testimony, of the submission of said cause or of any entry of a final decree and said decree has endorsed upon it 'hold execution for thirty days' and this defendant learned by accident on December 14, 1953 that a decree pro confesso had been granted against him and further action taken including the entry of the final decree."

The fourth ground was that while Capps was under probation on a sentence by the United States District Court Norden had an audit made of his books and the auditor reported his findings to the state solicitor. The bill of complaint in this suit was then filed; and thereafter the grand jury returned an indictment on October 26, 1953, charging Capps with embezzlement from this defendant. That on September 24, 1953, plaintiff committed an assault and battery on defendant, for which he was arrested, tried and convicted on October 26, 1953 in the inferior court; that such cases are given priority of trial over civil cases in the circuit court and ordinarily would be put for trial before this case would be set "and if the said J. M. Capps had been or will be convicted by a jury of a charge of embezzlement there would be little probability of a need for a trial of the issues in this cause".

The fifth ground was that defendant is not learned in the law, that he is not indebted to plaintiff, has never been a partner of plaintiff, "and in view of the misunderstanding and misapprehension that prior to the trial of that cause the court would have determined some of the issues and that this defendant would be put to no further expense in his defense of this proceeding, that no notice of any kind was given him following the filing of his intention to contest this cause". The sixth ground was that the judgment deprives him of property without due process of law.

On December 29, 1953 plaintiff filed a motion to amend an alleged clerical error or mistake of the register alleging that there was sufficient matter apparent on the record to amend by, and praying the court to permit the register to amend the record by completing the note of submission (which is in blank) so as to set out the proof upon which plaintiff rested his case, invoking section 567, Title 7, Code. This was accompanied with an affidavit of the register.

Those two motions, one by defendant and the other by plaintiff were heard and acted on in one decree, that of January 18, 1954, in which it was stated the motion to set aside the decree was granted on the ground that it was void, and the motion to amend was denied without comment. That is the decree to which we have referred as that which appellant seeks to review. We repeat that the decree which was set aside was dated October 30, 1953. The motion of defendant to set it aside was filed December 17, 1953. This was more than thirty days after the decree was rendered. Section 119, Title 13, Code; Equity Rules 62 and 65, Code 1940, Tit. 7 Appendix.

The only authority of the court of equity on motion to set aside the final decree after thirty days was on the ground that the decree was void, and it could not then be attacked in that manner for error in rendering it. An attack on the ground, that it was void is in the nature of collateral. Constantine v. Constantine, Ala.Sup., 72 So.2d 831 [1]; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14. The four months statute, section 279, Title 7, Code, does not apply to equity. Ex parte Berger-

[1] Ante, p. 40.

680

on, 238 Ala. 665, 193 So. 113. The motion cannot be treated as a bill in the nature of a bill of review. Ex parte Bergeron, supra.

Therefore the question arises, first, whether the judgment of the court vacating the final decree of October 30, 1953 is such as will support an appeal. If an appeal will lie it is on the theory that it is a final judgment under section 754, Title 7, Code.

Equity Rule 62 justifies an appeal only when the decree on the motion for a rehearing modifies the decree sought to be set aside. Scott v. Scott, 247 Ala. 266, 24 So.2d 25.

When a judgment or decree is void on its face the court rendering it has the inherent power and should on motion vacate it. Griffin v. Proctor, 244 Ala. 537 (6), 14 So.2d 116; Constantine v. Constantine, supra. We do not seem to have a statute which expressly refers to a motion to set aside judgments void on their face. The right to vacate it is not dependent on statute. And when the court refuses to vacate it on motion claiming that it is void on its face, the remedy for review is settled as pointed out in the case of Griffin v. Proctor, supra, to be by appeal because that is a final decree, see, Constantine v. Constantine, supra; but if it grants the motion and restores the cause to the trial docket for such other proceedings as are available, mandamus is the proper procedure to review it.

This case is of the latter status. The order setting aside the decree had the effect of restoring the suit to the docket for another trial and was not a final decree and not governed by the general statute providing for an appeal from a final decree. Section 754, Title 7, Code.

But as stated, there was made on the submission in this Court an application for mandamus in the alternative if this Court should hold that the decree is not appealable. That is the proper practice and, therefore, we will proceed to determine whether the final decree in the cause which the court vacated was void as found and decreed by it.

If the decree is void, it is shown to be so on the face of the record for two reasons, one because there was no note of the submission except a blank form signed by plaintiff's attorney and duly filed. It is in words as follows:

"Note of Evidence
"At the hearing of this cause the following note of evidence was taken to wit:
"For Complainant
"J. Edward Thornton
"Solicitor for complainant".

There also appears in the record an order of submission "for decree on the pleadings and on the proof as noted".

It is urged that another reason the judgment is void is because the decree pro confesso is alleged to have disregarded defendant's appearance in the suit. The record shows that on September 28, 1953 a decree pro confesso was rendered by a judge of the court, said decree reciting service on defendant more than thirty days before, and that he has failed to appear and plead, answer or demur to the allegations of the bill of complaint, and that on motion it is adjudged and decreed that the bill of complaint be taken as confessed. The record shows that the following instrument, purporting to be signed by defendant in person, was filed September 10, 1953:

"Comes M. A. Norden, the respondent in the above entitled cause, and makes his appearance before this court, expressly reserving the right to answer, demur or plead specially to the bill of complaint exhibited against him in this cause".

Such instrument being on file, the question is whether it was sufficient to prevent the rendition of a decree pro confesso, and whether the decree pro confesso was void on that account and, if so, whether the final decree without a valid decree pro

confesso was itself void. We will discuss that question first.

■ An appearance without a demurrer, plea or answer does not affect the right to a decree pro confesso, Equity Rule 32; Robinson v. Newton Grocery Co., 200 Ala. 528, 76 So. 854. Defendant's appearance was only an admission of service of the summons. But an irregular or unauthorized decree pro confesso does not render it or the final decree void. This does not conflict with Ferrell v. Leonard, 200 Ala. 285, 76 So. 51, where it appears that all the defendants had appeared by filing a demurrer and plea.

■■ It is now well settled that if defendant is duly served, a final decree, without an answer or decree pro confesso and therefore when the cause is not at issue, is irregular and would be reversed on appeal but the decree is not void. Collins v. Bay City Export Lumber Co., 260 Ala. 308, 70 So.2d 273; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650; Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. This assumes there are sufficient allegations invoking the jurisdiction of the court. The final decree is not void on account of the claim with respect to the decree pro confesso.

We come next to the effect of a final decree without a note of testimony as required by Equity Rule 57, as amended by the Act approved July 6, 1945, General Acts 1945, page 563, pocket part, Code.

■ While it is quite true that the rule is mandatory and cannot be waived, this Court has not held that a decree is void without such a note of testimony. The effect is that on appeal a decree will be reversed if testimony is necessary to show a right to the decree and there is no such note. It is as though the decree was rendered without any testimony to support it. Huguley v. Huguley, 238 Ala. 495, 192 So. 52; Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Lunday v. Jones, 204 Ala. 326, 85 So. 411; Reese v. Barker, 85 Ala. 474, 5 So. 305.

■ In none of the cases do we find it was held that a final decree which needed evidence to support it was void without such evidence. The decree in each case was affirmed or reversed on appeal for want of evidence. An appeal will not lie to reverse a void decree. To hold that the decree should be affirmed or reversed is to hold that it is not void.

Appellee has cross assigned as error the decree pro confesso and the decree on final submission. There was no cross appeal as authorized by Supreme Court Rule 3, as amended, Pocket Part Code. But appellee may cross assign errors without taking a cross appeal. Supreme Court Rule 3, as amended; Title 7, section 746, Code. When he does so, it is regarded as a case on appeal by him. Supreme Court Rule 3 as amended. · It was said by this Court at an early date that "cross assignments of error are only allowable, when the party making the assignment could have supported a separate and distinct appeal". Wright v. Evans, 53 Ala. 103, 110; State v. Esdale, 35 Ala.App. 27, 45 So.2d 861; 4 C.J.S., Appeal and Error, § 35, page 110. See also, Thompson v. Thompson, Ala.Sup., 74 So.2d 419; Kinney v. White, 215 Ala. 247, 110 So. 394; Holdsombeck v. Fancher, 112 Ala. 469, 20 So. 519.

■ The right to cross assign errors depends upon whether when this cause was submitted and errors assigned and cross assigned, to wit, April 6, 1954, appellee could have taken an appeal from the decree which he assigned as error, unless his cross assignments relate to the same decree from which the main appeal was taken. This did not include the decree pro confesso which was not appealable; but the final decree of October 30, 1953 was appealable by him within six months thereafter. Section 788, Title 7, Code. The trial court undertook to set aside that decree on January 18, 1954. If that decree was void the court correctly ordered it set aside. But we are holding that it was not void. If it was not void, then the court had no power to set it aside on motion made more than thirty days thereafter. Therefore, the order of the court purporting to set it aside was itself without jurisdiction and void, and the final decree has remain-

ed in full force notwithstanding the order purporting to set it aside. On April 6, 1954, when this cause was submitted in this Court appellee had the right to appeal from the final decree of October 30, 1953 and, therefore, could cross assign it as error, which he did. As the record stands there was error in rendering that decree without evidence, notwithstanding the decree pro confesso. Brue v. Vaughn, 241 Ala. 322, 2 So.2d 396.

We now reach the question of the right of appellant to have his motion sustained to correct the alleged error in the note of testimony. The motion alleges and the evidence proves that at the time of the submission the solicitor for plaintiff tendered to the register of the court a note of submission signed by him as such solicitor and offered to complete it by writing in it a statement of the proof upon which the submission was based, consisting of the bill of complaint, decree pro confesso and testimony of the witness J. M. Capps with the exhibit thereto. The register being cognizant of the proof on file, upon which plaintiff rested his case, requested the solicitor not to ⌐complete said note in handwriting, but that he (the register) would have the proof typewritten in the note which had been signed by the solicitor; but that the register inadvertently and unwittingly overlooked completing said note of submission and said submission was taken and the note (without being completed) has now been recorded. Proof was made by the register that those facts occurred.

Petitioner bases his right to have the note of testimony corrected, as moved for, upon the provisions of section 567, and Equity Rule 63, Title 7, Code, together with the inherent power of the court to amend clerical errors. Ex parte Sharp, 259 Ala. 652, 68 So.2d 545; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144; Wilder v. Bush, 201 Ala. 21, 75 So. 143; Ford v. Tinchant, 49 Ala. 567.

■■■ It is pointed out in the case of Ford v. Tinchant, supra, also noted in Wilder v. Bush, supra, that "clerical errors, are not those alone which the clerk makes.

They include all such, being matters of record, as intervene in the progress of a cause, whether committed by the court or the counsel, to which the judicial sanction and discretion cannot be said reasonably to have been applied". Such right exists only "when there is sufficient matter apparent on the record or entries of the court to amend by." Section 567 and Equity Rule 63, supra.

The only matters of record material to said motion are the blank note of testimony, which we have copied above, signed by counsel for complainant without listing the evidence relied on but leaving a blank space, the order of submission "for decree on the pleadings and the proof as noted", together with the fact that in the record there was the deposition of complainant as a witness taken before a commissioner and there was no evidence taken orally before the court or other deposition. The proof made as to what occurred between the solicitor for complainant and the register with reference to the note of testimony is of matter which is not shown by the record proper.

■■■ The Justices of this Court concurring in the opinion have considered the legal sufficiency of this evidence to support the motion to amend the note of testimony, and have reached the conclusion that the record proper does not contain sufficient matter to sustain the allegations of the petition and that there is not sufficient matter apparent on the record or entries of the court by which to amend the note of testimony as prayed for in the petition. In reaching this conclusion the Justices wish to pretermit a consideration of the question of whether or not the motion to amend shows a clerical error or mistake in any part of the record arising from oversight or omission as provided in Equity Rule 63.

It results from such conclusion of the Justices that the motion to amend the note of testimony was properly denied and overruled by the trial court and, therefore, the assignment of error on appeal, and in the alternative the application for mandamus in that respect, are neither well taken,— without giving consideration to the ques-

tion of whether an appeal would lie from that feature of the decree.

The result is that the main appeal should be dismissed and the final decree of October 30, 1953 should be reversed on the cross-assignments of error; the application for mandamus with respect to the decree of January 18, 1954 should be granted to the extent that it sets aside the decree of October 30, 1953, and should be denied to the extent that it overrules the motion to amend the note of testimony, and the cause should be remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Original appeal dismissed; mandamus awarded in one respect and denied in another. Reversed and remanded on cross assignments of error.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and CLAYTON, JJ., concur.