134 So.2d 775

Joseph HOLDEN

v.

Annie Ruth HOLDEN.

4 Div. 92.

Supreme Court of Alabama.

Nov. 16, 1961.

Alice L. Anderson, Enterprise, for appellant.

J. N. Mullins, Jr., Dothan, for appellee.

MERRILL, Justice.

This is an appeal from a decree dated December 29, 1960, granting respondent's motion to set aside a divorce decree. Such a decree, if it restores the cause to the docket for further proceedings, will not support an appeal and the appeal must be dismissed. Capps v. Norden, 261 Ala. 676, 75 So.2d 915.

Joseph Holden filed a bill for divorce against respondent Annie Ruth Holden, charging habitual drunkenness and cruelty. The respondent was not found in Dale, Houston or Geneva Counties and the bill was amended to secure service by publication. After such service had been perfected, the divorce was granted on Holden's deposition, the decree being rendered on May 10, 1960.

The respondent filed a motion on June 29, 1960, to set aside the decree of May 10, averring that she was a resident of Houston County, that appellant knew her correct residence, that she was never served with a copy of the bill, that she never accepted service, and that the decree was procured by fraud. A demurrer to this motion was overruled, an answer filed and the cause was set down for hearing. The pertinent part of the decree reads:

"This cause coming on to be heard is submitted for ruling on the motion of the respondent to set aside, and hold for nought the final decree heretofore entered in this cause, the sworn testimony of the respondent taken in open Court, and the complainant having had notice of the time and place of said hearing and appearing not, and the Court being of the opinion that the said motion should be granted, it is therefore,

"Ordered, adjudged and decreed by the Court that the respondent's motion to set aside and hold for nought the final decree heretofore entered in this cause be, and the same is, hereby granted.

"Done in chambers this December 29, 1960."

The main argument made here is that the trial court lost jurisdiction of its final decree thirty days after May 10, 1960, and the motion to set it aside, filed June 29, 1960, was too late.

The case of Capps v. Norden, 261 Ala. 676, 75 So.2d 915, 918, is in point. There, the final decree was dated October 30, 1953, and the motion to set it aside was filed December 17, 1953, more than the thirty days permitted by Tit. 13, § 119, Code 1940, and Equity Rule 65. The court said:

"Therefore the question arises, first, whether the judgment of the court vacating the final decree of October 30, 1953 is such as will support an appeal. If an appeal will lie it is on the theory that it is a final judgment under section 754, Title 7, Code.

"Equity Rule 62 justifies an appeal only when the decree on the motion for a rehearing modifies the decree sought to be set aside. Scott v. Scott, 247 Ala. 266, 24 So.2d 25.

"When a judgment or decree is void on its face the court rendering it has the inherent power and should on motion vacate it. Griffin v. Proctor, 244 Ala. 537(6), 14 So.2d 116; Constantine v. Constantine, supra (261 Ala. 40, 72 So.2d 831). We do not seem to have a statute which expressly refers to a motion to set aside judgments void on their face. The right to vacate it is not dependent on statute. And when the court refuses to vacate it on motion claiming that it is void on its face, the remedy for review is settled as pointed out in the case of Griffin v. Proctor, supra, to be by appeal because that is a final decree, see, Constantine v. Constantine, supra; but if it grants the motion and restores the cause to the trial docket for such other proceedings as are avail-able, mandamus is the proper procedure to review it.

"This case is of the latter status. The order setting aside the decree had the effect of restoring the suit to the docket for another trial and was not a final decree and not governed by the general statute providing for an appeal from a final decree. Section 754, Title 7, Code."

■ The order setting aside the decree in the instant case had the effect of restoring the suit to the docket for another trial and was not such a final decree as would support an appeal.

The difference between Capps v. Norden, supra, and the instant case is that there, submission was both on appeal and on application for mandamus in the alternative; here, review is sought by appeal only.

■ Mandamus is the proper remedy when it is sought to have an alleged void order or judgment annulled on the ground that the court had lost jurisdiction of the case at the time the alleged void order or judgment was pronounced, and the effect of the order would restore or reinstate the original cause for further proceedings. Sadler v. Sessions, 261 Ala. 323, 74 So. 2d 425; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116(1); Ex parte Phillips, 231 Ala. 364, 165 So. 80. This same statement appears in Sadler v. Sessions, supra, without the qualifying clause "and the effect of the order would restore or reinstate the original cause for further proceedings." These words should properly have been added in that case. Their omission made no difference in the result because the trial court had granted a motion for a new trial which restored the original cause for further proceedings. We explain the statement in the Sadler case because, without such explanation, it might be construed as holding that mandamus is the proper remedy to review the refusal of a trial court

to vacate a void decree, or where the trial court grants a motion to vacate a decree and the original cause is not reinstated for further proceedings. In such cases, the remedy is by appeal. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

It follows that mandamus and not appeal is the proper remedy in the instant case and the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.