MADDOX, Justice.
This case arises out of an unusual marital relationship which has precipitated five separate circuit court proceedings in two different circuits. In this action, the husband sued his former wife in the Circuit Court of Clarke County, claiming that she had breached an agreement she had made with him that she would not enforce the provisions of a 1966 divorce decree, which had dissolved their marriage. To this complaint, the former wife filed a motion to dismiss, which by agreement of the parties, was treated as a motion for summary judgment. In support of her motion for summary judgment, she introduced her own affidavit, and affidavits of the Honorable Claud D. Neilson, Judge of the Seventeenth Judicial Circuit of Alabama; the court files of the proceedings had between the parties in the Circuit Court of Marengo County, being DR-78-009; 3576-A; 2266-A; and 2266-A.l. Also, in support of her motion for summary judgment, the former wife filed the sworn testimony of S., M. Harrison and Porter Mathis that was taken in Civil Action No. 2266-A in the Circuit Court of Marengo County on January 29, 1976.
The trial court, after hearing oral argument and after considering the pleadings, affidavits, exhibits and the transcript of the proceedings in the former cases, granted the former wife’s motion for summary judgment, finding that the issues previously litigated between the parties in the Circuit Court of Marengo County were broad enough to have included the issues involved in the instant case.
The parties, in brief, argue the res judica-ta question and the propriety of the trial court’s grant of summary judgment. We note, on our own, a wholly different issue — a fraudulent use of judicial process. For a determination of this appeal on that issue, which we determine is dispositive, we adopt appellee’s version of the facts, as set out in her brief:
The Defendant takes issue and does not agree with the Statement of the Facts as set forth by the Plaintiff in his brief. The facts set forth by the Plaintiff are not complete, nor do they sufficiently apprise this court of all of the facts in this case.
In fact, there are very few facts before the Court. This appeal was taken by the Plaintiff from the adverse ruling to the Plaintiff, when the trial court granted *331 the Defendant’s Motion For Summary Judgment. In support of the Defendant’s Motion for Summary Judgment, Defendant submitted certain affidavits and records of other proceedings between the same parties which took place in the Circuit Court of Marengo County, Alabama, as well as some of the testimony taken in one of these proceedings. The Plaintiff filed two affidavits in opposition.
As indicated, the only testimony before the court Was the testimony taken on the 29th day of January, 1976, in the case styled “Helen M. Harrison, Plaintiff, v. S. M. Harrison, Defendant” being Case No. 2266-A in the Circuit Court of Marengo County. This testimony affirmatively shows that the Defendant moved from Chattanooga, Tennessee, to Thomasville, Alabama, in 1962 or prior thereto. Upon moving to Thomasville, Alabama, she lived with the Plaintiff’s mother and in 1962, they purchased a trailer, and she and the Plaintiff lived off and on in the trailer (R.Vol.II, p. 212). Approximately two years after the trailer was purchased and in 1964, the parties were married in Trenton, Georgia. The Defendant was divorced from the Plaintiff on August 11, 1966, and by virtue of that divorce decree, and the agreement entered into in connection therewith, the Plaintiff was ordered to pay to the Defendant the sum of Eighty Thousand Dollars ($80,000.00) as lump sum alimony.
The Plaintiff prior to this marriage to the Defendant was paying child support to his first wife and when garnishment proceedings were initiated against him for the support of his children born of the first marriage, the divorce between the parties hereto was rendered and a garnishment proceeding was initiated by the Defendant and against the Plaintiff with the money being paid into the Circuit Court of Marengo County, Alabama. Most of the money collected on the garnishment was paid to the Plaintiff (R.Vol.II, p. 215); with the Defendant’s name being endorsed by the Plaintiff (R.Vol.II, p. 210) and the Plaintiff receiving most of the money garnished. The Defendant and the Plaintiff resumed living together after the divorce was granted on August 11, 1966 (R.Vol.II, p. 308).
On January 7, 1976, a Petition for Rule Nisi was filed in the Circuit Court of Marengo County, Alabama, in Civil Action No. 2266-A and subsequently set for hearing on the 29th day of January, 1976. At this time the Honorable Claud D. Neil-son, Judge of the Circuit Court of Maren-go County, Alabama, rendered a judgment against the Plaintiff and in favor of the Defendant for the sum of $75,276.66; this being the amount determined by the Court to be due and owing to the Defendant in accordance with the Court’s decree of August 11, 1966 (R.Vol.I, p. 28). The issues involved in the case at bar were raised at this time, and argued strenuously by the Plaintiff’s Attorney (R.Vol.I, p. 28; R.Vol.I, p. 190 through. R.Vol.II, p. 222).
More than thirty (30) days after the judgment and decree of the Circuit Court of Marengo County, Alabama on the 29th day of January 1976, was rendered, the Plaintiff filed a Motion for a New Trial on March 1, 1976 (R.Vol.I, p. 103). Even though the Motion was not timely filed and more than ninety (90) days had elapsed from the date of the filing of the motion the Court heard arguments by both attorneys and denied said Motion on the 27th day of July, 1976 (R.Vol.I, p. 29; R.Vol.I, p. 103). No appeal was taken from this ruling or from the ruling of the trial court granting Defendant a judgment against the Plaintiff, but on the 12th day of October, 1976, the Plaintiff filed an independent proceeding against the Defendant styled “Petition to Vacate the Decree” and sought by said independent action to vacate and set aside the original court’s decree granting the divorce between the parties of August 11, 1966, and the judgment in favor of the Defendant, and against the Plaintiff on the 29th day of January, 1976. This petition alleges in part as follows:
That there was a connivance on the part of both parties in obtaining the *332 divorce decree in August, 1966, and was entered into for the purpose of preventing the first wife from collecting child support,
thereby raising the fraud or misrepresentations allegation and the breach of contract allegation made the basis of the case at bar (R.Vol.I, p. 76-78; R.Vol.I, p. 29). On the 11th day of April, 1977, Honorable Claud D. Neilson, Judge of the Circuit Court of Marengo County, Alabama, after hearing arguments from the Attorneys and after being presented briefs, granted the Defendant’s Motion to Dismiss the Motion filed by the Plaintiff to vacate the judgment. The defense of res judicata was argued at this time. No appeal was taken from this ruling (R.Vol.I, p. 29; R.Vol.I, p. 88-89).
Another independent action was filed by the Plaintiff on the 9th day of January, 1978, in Civil Action No. DR-78-009 and entitled “Bill of Review” (R.Vol.I, p. 29-30; R.Vol.I, p. 146-148). In the Plaintiff’s Petition or independent action styled “Bill of Review,” it is alleged as follows:
... said divorce decree was obtained through a fraud upon this court in an effort to defeat the financial obligation of the Plaintiff...
obtained said divorce decree through fraud and misrepresentations. . .
On March 17, 1978, the Plaintiff filed a Motion to Vacate the judgment of April 11, 1977 (R.Vol.I, p. 128). On May 12, 1978, Judge Claud D. Neilson, Judge of the Circuit Court of Marengo County, granted the Defendant’s Motion to Dismiss the Motion to Vacate the Judgment (R.Vol.I, p. 89); and granted Defendant’s Motion to Dismiss the Bill of Review (R.Vol.I, p. 127). No appeal was taken from either of these rulings (R.Vol.I, p. 30).
The case at bar was then filed in the Circuit Court of Clarke County, Alabama, on April 5, 1978, and a Summary Judgment granted on January 4, 1980.
The record in this case also shows that the appellee, Helen M. Harrison, filed an action for divorce in the Circuit Court of Clarke County on September 30, 1976, in which she averred as follows:
That Plaintiff and the Defendant were lawfully married on December 9, 1964, in Dade County, Georgia, and lived together as man and wife until September 24, 1975, at which time they separated in Clarke County, Alabama, for the reasons hereinafter set forth. Your Plaintiff further shows unto this Court that there is a divorce decree in the Circuit Court of Marengo County, Alabama, dated August 11, 1966, wherein the Plaintiff and the Defendant purported to have acquired a divorce from each other but your Plaintiff would show unto this Court that the parties hereto were never separated and continued to live together prior to August 11, 1966, and after August 11, 1966 as man and wife, and held themselves out to the public as being man and wife during this period of time. Plaintiff further avers and alleges that this divorce was obtained for other means and the parties never intended to severe [sic] their relationship as man and wife.
It is apparent from the record, therefore, that these parties, by their own admission, perpetrated a fraud upon the Circuit Court of Marengo County in obtaining the divorce decree of August 11, 1966. Consequently, we determine that both of these parties are seeking to have us determine legal rights which could only arise out of their fraudulent use of the judicial process. We refuse to expend judicial time for this purpose.
In Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725 (1961), this Court, dealing with a divorce decree in which both parties had perpetrated a fraud upon the court, stated:
The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.
In Crisco v. Crisco, 294 Ala. 168, 313 So.2d 529 (1975), this Court, speaking of the fraudulent use of judicial process, stated:
*333 A court is not without jurisdiction to exercise its inherent power to set aside and vacate at any time a judgment because of supervening invalidity based on fraud practiced on the court by a party in the procurement of the judgment apparent on the face of the record. See Doby v. Carroll, 274 Ala. 273, 147 So.2d 803 (1962); Holden v. Holden 273 Ala. 85, 134 So.2d 775 (1961); McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885 (1960); Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1 (1958); Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27 (1956); Capps v. Norden, 261 Ala. 676, 75 So.2d 915 (1954); Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915 (1954), and Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116 (1943).
A natural and logical extension of this proposition is the holding of this Court in Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725 (1961). There, in upholding the lower court’s order vacating an original divorce decree, the rule was laid down to the effect that where jurisdiction of the court was fraudulently invoked by the parties and this fact became apparent in a subsequent proceeding, although neither party attacked the validity of the original decree which was regular on its face, the court is empowered ex mero motu to set aside that decree.
As we understand the facts, there is currently pending a proceeding in which both of these parties are seeking a divorce. The court which has jurisdiction of that proceeding, acting under equitable principles, would not be powerless to declare that the 1966 divorce was obtained, based upon the admission of the parties, by perpetrating a fraud upon the court. The court could then, using equitable principles, determine the rights and relations between the parties, including the right of the husband to continue to prosecute the present action and the right of Helen Harrison to obtain any benefits under the 1966 divorce decree. Unless there are facts substantially different from those shown in this record, we frankly do not think that either party can claim any legal rights which are based upon the divorce decree which they obtained by fraudulent use of judicial process.
We specifically point out that the judgment we enter today is without prejudice to the rights of the former wife to enforce the provisions of that decree, and is without prejudice to the rights of the former wife to pursue any remedy she might have as a victim of the fraud we today find was perpetrated upon the trial court by the parties.
This cause is due to be remanded to the trial court for further proceedings not inconsistent with this opinion. The court is directed, after further proceedings are conducted within a reasonable time as herein directed, to file a report with this Court, in which the results of those proceedings shall be stated.
Motion to Dismiss
On September 30, 1980, after the opinion had been written and voted on, this Court received a motion to dismiss the appeal on the ground that the parties had reached a settlement agreement and that dismissal of this appeal was a condition of that settlement agreement.
In view of what we have said in the opinion, and in view of the fact that the motion to dismiss comes too late, it is due to be denied.
REMANDED WITH DIRECTIONS; MOTION TO DISMISS DENIED.*
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.

 Reporter’s note: On June 30, 1981, the circuit court, pursuant to the order of remand, dismissed the cases which were the basis of this appeal, and the Supreme Court, by order dated July 30, 1981, approved that action.